DANIEL W. VICKERIE *v.* MARCUS C. SPENCER and others.

The notice, required by section 11 of chapter 150 of the Revised Statutes, to be given to all persons not residing in this state who have any mortgage, attachment, or other conveyance of property upon which a mechanic's lien is claimed, must be by three publications in some newspaper printed in this state, the last of which is made at least ten days before the sitting of the court to which such petition is returnable.

Unless such a publication has been made, the court can pass no decree, affecting the interests of any person not a resident of this state, having any such interest in the property in respect of which the lien is claimed; and the court has no power, even under its general equity powers, to remedy the defect caused by insufficient notice, by ordering the issue of a new citation.

PETITION for mechanic's lien. The case was now heard on the respondent's motion to dismiss the petition for want of legal service on two of the respondents, on grounds which are stated in the opinion of the court.

*Parkhurst, for the motion.*

*Eames, for the petitioner.*

BRAYTON, C. J. This petition for a lien alleges that a lien has attached in favor of the petitioner upon the estate described in the petition, and upon the interest of the respondent Marcus C. Spencer, and prays that said estate, or the interest of the said Spencer therein, may be sold to satisfy the same. It also alleges that one Joseph F. Brown, and other persons named, have some interest in said estate by mortgage or other conveyance on record, and prays that citation may issue and be served upon them.

The statute requires that, upon filing the petition, the clerk should notify all persons having a lien, mortgage, or attachment, or other claim upon the property, by publication in a newspaper. This requirement was regularly complied with. It also requires that citation should issue to the owner of the property, and to every person having a mortgage, attachment, or other conveyance of any part of the premises, on record, to appear ; and that this citation should be served by the sheriff, at least ten days before the sitting of the court, in one of the modes following,

namely, by leaving an attested copy at the last and usual place of abode of the person to be cited, or by reading it to him or in his presence, if he reside in the state, and, if not resident therein, in a third mode, namely, by publishing a notice in a newspaper printed in the state, for at least three times.

The return of the officer shows that neither the respondent Spencer, nor Elizabeth Roberts, another person named as having some interest in the property, was resident in the state, and that notice had been published in a newspaper on the 22d, 23d, 25th, and 26th of March, 1869, neither of which days were so much as ten days before the sitting of the court.

This service is objected to as insufficient to answer the statute, the third publication not having been made ten days before the return day. We think this objection sound. Nothing less than three insertions in the newspaper could satisfy the statute. So many were necessary to make service in that mode; and it was not made if one or more remained to be made after the tenth day prior to the sitting of the court, for it was then to be complete.

It is objected, again, that no sufficient service has been made upon Spencer, the alleged owner of the premises; and he not having appeared to waive the defect of notice, the court cannot proceed to a decree against him or his estate. We think this objection, also, is sound, and that we have no jurisdiction over him to make a decree affecting his interest in this suit.

In order to obviate this objection, the petitioner has moved that the court do now order a citation to be served upon him, to make him a party, to bring him within its jurisdiction; and, in support of his motion, claims that this is a proceeding in equity, and that in making and serving parties we may proceed in this case according to the general practice in equity causes, and for this purpose a court of equity may at any time order subpœna to issue to any party not yet served.

Had the statute giving to this court jurisdiction in the matter of mechanic's lien, made no provision for the mode or time of bringing or serving the parties interested in the decree to be rendered, we might now perhaps order notice to any party to the proceedings not properly served. The statute giving this

Vickerie *v.* Spencer and others.

jurisdiction has, however, provided that the proceeding to en-force such lien shall be by petition and not by bill; that the time within which the petition shall be filed shall be limited to the next term of the court after filing the claim in the town clerk's office; that before the sitting of the court to which the petition is preferred, citation shall be served upon the owner of the estate, and that ten days before the sitting of the court. The statute, therefore, likens this proceeding in this respect to an action at law, which must be dismissed if the party is not served and summoned to appear at the time. The citation now asked for is to issue to the owner (as he is alleged to be) of the estate, of record, as the person who is especially to be served with notice.

The petitioner now avers, that at the time of filing the petition, the said Joseph F. Brown was the owner of the estate, and not Marcus C. Spencer, as was alleged in the petition; and it appears by the officer's return that he has been served, as the act requires the owner should be; and the petitioner now moves for leave to amend his petition, by stating that Brown, at the time of filing, had become the owner of the estate described therein, and that Spencer had conveyed away all his interest therein.

The citation is required to be served only upon the owner or person having a mortgage, attachment, or some other conveyance of record, of some part of the premises; and if Spencer had no such interest, we allow the amendment asked, that it may be made to appear; and if it be necessary for any purpose that he should be a party to this petition, the statute will not prevent his being summoned.

*Leave to amend granted.*