Owen McParlin *vs.* James Thompson, *et al.*

APRIL 28, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Mechanic's Lien.   Commencement of Legal Process.*

Pub. Laws, cap. 696, § 4 passed March 21, 1888, provided that no person who shall do work for or furnish materials to be used in the construction, erection or reparation of any building, etc., without written contract, shall have any lien therefor unless he shall commence legal process for enforcing the same, within six months from the time of the commencing the doing of such work, or of the commencing the delivery of materials, if payment for the same shall not then be made.

Materials were delivered under an entire contract made November 14, 1894, and delivery began November 15, 1894.   Legal process was commenced June 5, 1895.

*Held,* that this was not a compliance with the statute, which being in derogation of common law right must be construed strictly.

MECHANIC'S LIEN.   Heard on appeal from decree of superior court and decree reversed.

PER CURIAM:   It appears from the testimony of the petitioner that the materials for which he claims a lien were delivered under an entire contract made November 14, 1894, and that delivery thereunder began November 15, 1894. Legal process for the enforcement of the lien was commenced on the fifth day of June, 1895.   As this was more than six months from the time of the commencing the delivery of materials, it was not a compliance with the provisions of the statute governing the same, Pub. Laws, R. I. cap. 696, § 4, passed March 21, 1888, which is necessary for the enjoyment of its privileges. The statute being in derogation of common law right must be

construed strictly. The account or demand was therefore lodged too late to secure the lien. *Gurney* v. *Walsham*, 16 R. I. 698 and cases cited.

The decree of the Superior Court is therefore reversed and the case is remanded to the Superior Court with direction to enter a decree dismissing the petition with costs.

*Fitzgerald & Higgins, John E. Connolly,* for complainant.

*C. J. Farnsworth,* for respondents.