RHODE ISLAND MARBLE & TILE CO. *vs.* ALFRED SPEAR.

DECEMBER 17, 1928.

PRESENT: Sweetland, C. J.; Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is a petition to enforce a lien for $435 claimed by a materialman. After trial in the Superior Court final decree was entered allowing the lien. Respondent appealed from the decree stating as a reason therefor that the decree was against the law.

At the trial in the Superior Court the facts stated in the petition were not disputed. It appears that petitioners made an oral contract with a contractor to furnish certain

materials to be used by the contractor in the construction of a house for respondent. Petitioners made seven deliveries of the materials upon the land of respondent during July 1927, and August 18 made the last delivery of a small quantity of materials. The value of all the materials delivered was $1,010. Petitioners received $575 from the contractor. October 17, 1927, petitioners gave respondent written notice of their intention to claim a lien for the balance of $435.

Our statute, § 4350, G. L. 1923, creating a lien for materials, provides that no such lien shall attach unless the person furnishing the same shall, within sixty days after such materials are placed upon the land, give notice in writing to the owner of the property to be affected by the lien (if such owner be not the purchaser of the materials) that he intends to claim such lien. At the trial respondent contended that petitioners were entitled to a lien for only the value of the materials delivered August 18, this being the only delivery made within sixty days prior to the giving of the notice of their claim of a lien. The trial court did not adopt this construction of the statute but held that the notice of intention to claim a lien was sufficient to entitle petitioners to a lien for all materials delivered on the entire contract. The trial court erred in its construction of the statute as this court decided in *Newell* v. *The Campbell Machine Co.*, 17 R. I. 74, that where materials were furnished to a contractor under an entire contract, the materialman was entitled to a lien only for the materials placed upon the land within sixty days prior to the giving of the notice of the claim of lien to the landowner. In *Murphy* v. *Guisti et al.*, 22 R. I. 588, it appeared that some of the materials were furnished more than sixty days before the notice of intention to claim a lien was given. The court said that as to these items the petitioner was clearly barred by the statute. See also *Gurney* v. *Walsham*, 16 R. I. 698. We have held our statute creating mechanics' liens is in derogation of the common law and must be construed strictly.

*McParlin* v. *Thompson et al.*, 32 R. I. 291. As a general rule the statutes prescribing the time for filing the notice of claim of lien are deemed mandatory and it is essential that the claim shall be filed within the time limited by the statute. 40 C. J. 166, sec. 186. Cases from other states construing statutes which differ from ours, cited by petitioners, are of no value as authority for changing the construction which has been given to our statute.

The appeal is sustained. The decree of the Superior Court is reversed, and the cause is remanded to the Superior Court for further proceedings.

*Clifton I. Munroe, Sigmund W. Fischer, Jr.*, for petitioner.
*Clason, Brereton & Kingsley*, for respondent.