## SARANTOS ANASTOS *vs.* CHARLES BROWN.
## SAME *vs.* SAME.

JULY 5, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.  These are two petitions to enforce mechanics' liens brought by petitioner, a subcontractor, under the provisions of General Laws 1923, Chapter 301.

On or about January 15, 1930, by a contract not in writing with the general contractor for the construction of a house for respondent, petitioner agreed to install the plumbing in said house.  Petitioner requested that the general contractor make payment to him as follows: "Material and labor delivered on the job, 90% the first of each month and the entire balance as soon as the job is completed."

The percentage of payment was changed by mutual consent to 80% and petitioner at once began to furnish materials and to do the work, and continued to do so until the fall of 1930, when he stopped, claiming that certain pay-

ments were in arrears. Petitioner admits that he was paid in full up to June 1, 1930.

In December, 1930, after a conference with petitioner in reliance on petitioner's assurance that the general contractor owed him $2,000 for work and materials, respondent advanced $2,000 to the general contractor; $1,500 of this sum —the amount actually due—was at once paid by the contractor to petitioner who agreed to finish his work and release all his liens to date. Petitioner gave the respondent a release and resumed and completed the work. Failing to obtain a balance which he claimed to be due to him, petitioner began these lien proceedings April 25, 1931.

By the decree of the Superior Court in number 1056 a lien was established in the sum of $2,537; in number 1057 a lien, claimed for an electric washer valued at $625.47 which petitioner had furnished to replace a defective washer originally installed, was denied. Respondent appeals from the former decree and petitioner from the latter.

At the hearing in this court petitioner abandoned any claim for the extras included in his account. As the work was done and materials were furnished without a written contract, the particular provision of the Mechanic's Lien Statute which governs is Section 5, Chapter 301, G. L. 1923, which in substance is as follows: "No person who shall do work or furnish materials to be used in the construction, erection or reparation of any building . . . without written contract, shall have any advantage of any lien . . . unless he shall commence legal process for enforcing the same . . . within six months from the time of the commencing the doing of such work or of the commencing the delivery of materials, if payment for the same shall not then be made; and provided, further, that no lien shall attach for materials furnished unless the person furnishing the same shall, within sixty days after such materials are placed on the land, give notice, etc."

The general contract for the installation of the plumbing is an entire contract. The provision for payment by install-

ments of a percentage of the amount due each month does not change the character of the contract. The parol contract was made and performance thereof begun in January, 1930. Proceedings to enforce the liens under the main contract and the contracts for extras were not commenced until April, 1931.

In each case the commencement of proceedings was after the six months statutory limitation and hence the proceedings are ineffective to establish liens.

This statute is in derogation of the common law and has always been strictly construed. *Dodge* v. *Walsham*, 16 R. I. 704; *Heck* v. *Casey*, 34 R. I. 389; *McParlin* v. *Thompson*, 32 R. I. 291; *Kenyon* v. *Peckham*, 10 R. I. 402.

Petitioner's claim of right to a lien if proceedings are commenced six months after a payment was due and unpaid cannot be sustained. The statutory requirement for commencement of proceedings is plain. The limitation of time of suit is from the commencement of performance of the contract. Section 4 of the statute expressly provides, when the contract is in writing, for the establishment of a lien if legal process is commenced for enforcing the same within four months from the time when any payment on such contract is due and unpaid. A clear distinction is thus made between written and parol contracts.

The statute of frauds (G. L. 1923, C. 333, s. 6) limiting the right of action on contracts not to be performed within a year, unless proved by evidence in writing, is another instance of a distinction made between written and parol contracts.

For the reasons stated the appeal of the respondent in Equity No. 1056 is sustained and the cause remanded to the Superior Court with direction to enter a decree dismissing the petition.

The appeal of the petitioner in Equity No. 1057 is denied, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Walling & Walling,* for petitioner.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler, Chauncey E. Wheeler, W. Harold Hoffman, Richmond H. Sweet,* for respondent.