CHARLES H. LEVY *vs.* JOSEPH G. GERHARD.

JULY 23, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition for a writ of certiorari brought by the defendant to review and quash the record of a ruling of the superior court denying his motion to

dismiss the action. The writ was issued and in compliance therewith the record and papers in the case have been duly certified to this court.

From the record it appears that the present action of the case in assumpsit was started by a writ of attachment dated October 19, 1933, returnable to the superior court November 20, 1933. Within the time fixed by law the defendant filed a plea of the general issue and also a motion for a bill of particulars. The jacket entry shows that on December 7, 1933 the plaintiff was ordered by the court to furnish a bill of particulars within two weeks from that date. The plaintiff did not comply with that order.

Nothing further was done by either party to press the case to a conclusion until February 20, 1948, after a lapse of over fourteen years, when the defendant filed a motion to dismiss the case. The motion was made on two grounds: (1) failure to prosecute the action; and (2) failure to file a bill of particulars as ordered and within the time fixed by the court. On February 24, 1948, after the defendant had moved to dismiss, the plaintiff filed a bill of particulars. The defendant's motion was heard by a justice of the superior court February 27, 1948 and was dismissed after a brief colloquy between the court and defendant's attorney, without any testimony being taken or the plaintiff and his attorney being called upon for any explanation of the situation. The plaintiff supports the above action of the superior court and the defendant contends that it is improper.

At the outset the plaintiff raises the question as to whether in the circumstances this court should review the superior court's ruling by certiorari. This entire subject was recently considered at some length and with the discussion of earlier cases in *White* v. *White,* 70 R. I. 48. In that case we stated at page 50: "* * * by virtue of article XII, sec. 1 of amendments to our state constitution, the provisions of G. L. 1938, chap. 495, §2, and by a series of decisions of this court construing those constitutional and

statutory grants of power, the writ has been employed in the exercise of our revisory and appellate jurisdiction to correct errors committed by inferior courts and tribunals in the exercise of their jurisdiction."

However, it is clear that our jurisdiction to grant a writ of certiorari apart from statute rests in the discretion of the court and is not a matter of right. In the instant case we exercised our discretion in favor of issuing the writ and in our opinion such action is supported by *Colitz v. Gilbert,* 53 R. I. 319, *Rose* v. *Standard Oil Co. of N. Y., Inc.,* 56 R. I. 272, *Brickle* v. *Quinn,* 63 R. I. 120, and other cases, in which the court made use of its aforesaid revisory and appellate jurisdiction, either on the ground that there was no other adequate remedy by which the alleged error could be corrected or that the furtherance of justice required the issuance of the writ in order to avoid great injury or unusual hardship. We therefore see no valid objection in the existing circumstances to the bringing of the present petition by the defendant.

The record shows that in denying the defendant's motion the justice of the superior court relied entirely upon *Sayles* v. *McLaughlin,* 63 R. I. 271. That case clearly supports his action in so far as the first ground of the defendant's motion is concerned but not as to the second ground. In that case, which was in trespass, it was held in substance that the superior court has no power at common law to dismiss a case on defendant's motion for mere inaction by the plaintiff, when either party is equally in control of moving for assignment and when no prejudice to any right would result if he so moved.

But the second ground of the motion in the instant case is based on continued failure to comply with an order of the court to file a bill of particulars. In the *Sayles* case no such order was outstanding and unfulfilled. That case is therefore different on its facts and is not controlling on the second ground of the defendant's motion in the present case. In that connection the defendant here argues

that the failure of the plaintiff to comply with such an order of the court made him virtually in contempt; that the court has inherent power to enforce its own orders; and that the defendant could not assign the case unless he was willing to prejudice his rights by waiving the plaintiff's carrying out of the order and his contempt. Moreover, in *Sayles* v. *McLaughlin, supra,* at page 277, the court stated: "We can see some justification for a dismissal for an unjustified and persistent refusal of the plaintiff to obey an order of the court. No other punishment may sometimes be adequate or effective." See also *Haskins* v. *Providence Washington Ins. Co.,* 27 R. I. 152.

The disposition of the second ground of the defendant's motion to dismiss required the justice of the superior court to exercise his sound judicial discretion in view of the special circumstances presented thereunder. In *Colitz* v. *Gilbert, supra,* in referring to such discretion the court held, at page 321, that it "must be exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action." It clearly appears from the record that the justice of the superior court never considered or passed upon the second ground of defendant's motion to dismiss.

Upon consideration we are of the opinion that, because of the incomplete hearing in the superior court of the defendant's motion to dismiss as above indicated, the matter should be returned to that court for a full hearing on the second ground of the motion, particularly since a proper disposition thereof may require the taking of some testimony. This court should not be called upon to conduct such a hearing or to arrive at a judgment in the first instance without such a hearing if one be needful. Among other things, it is conceivable that it might be necessary to hear from the plaintiff as to why the order of the court for the filing of a bill of particulars within two weeks was not obeyed; to consider whether, in view of the alleged prejudice, the filing of such a bill many years after the order was made constituted a satisfactory compliance with

the said order so that the case could be assigned; and to consider the defendant's affidavits alleging in general that two persons, who would have been important witnesses in his behalf in connection with the trial of the case on its merits, have died since the action was brought, and that their absence would seriously prejudice him in making his defense.

The portion of the record relating to the denial of the defendant's motion to dismiss is quashed, and the record and papers in the case are ordered to be returned to the superior court for further proceedings on such motion in accordance with this opinion.

*Isadore S. Horenstein,* for plaintiff.

*Flynn & Leighton, Robert T. Flynn,* for defendant.