**Mario M. FARAONE et al.**

v.

**Fiorenzo FARAONE et ux.**

**No. 78–81–Appeal.**

Supreme Court of Rhode Island.

April 11, 1980.

Anthony M. Gallone, Providence, for petitioners.

Lovett & Linder, Ltd., Lauren E. Jones, Providence, Joyce A. Faraone, Johnston, for respondents.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Superior Court which dismissed a petition to enforce a mechanic's lien. The facts of the case are substantially undisputed. The petitioners provided labor and materials in the course of the construction of a dwelling owned by the respondents and located in Johnston, Rhode Island. On

November 10, 1976, the petitioners, through their attorney, mailed to the respondents, by certified mail, return receipt requested, a notice of intention to claim a lien for the doing of work and furnishing of materials in order to lay the basis for enforcement of a lien pursuant to G.L.1956 (1969 Reenactment) § 34–28–4. On the same day a copy of the notice of intention was recorded in the records of land evidence of the town of Johnston. The notice was received by the respondents on November 11, 1976.

On March 1, 1977, petitioners filed their petition to enforce the lien in the Superior Court for the Counties of Providence and Bristol. The respondents filed a motion to dismiss the petition and asserted as ground therefor the failure on the part of petitioners to mail a copy of the notice of intention to claim the lien to the building inspector of the town of Johnston simultaneously with the mailing to respondents. After argument and the filing of memoranda, the trial justice entered an order dismissing the petition because of the failure to mail such notice to the building inspector. The order was entered March 13, 1978. A notice of appeal was duly filed.

■ The sole question raised by this appeal is whether petitioners' lien was "void and wholly lost" by reason of the failure to mail the notice to the building inspector simultaneously with the mailing of the notice to respondents. Certainly, the mechanics' liens statute in its various forms has never been a model of clarity. Indeed, opinions in few areas of the law have been so complex as those that attempt to construe the provisions of the predecessor statutes of § 34–28–4. See Art Metal Construction Co. v. Knight, 56 R.I. 228, 185 A. 136 (1936). The foregoing case pointed out that the mechanics' liens statute was first enacted in 1847, was substantially amended in 1888, and was thereafter amended and recompiled in subsequent editions of the general laws. Id. at 236–37, 185 A. at 140. The relevant section of the statute has been amended since publication of the General Laws of 1956 by P.L.1965, ch. 235, § 1, and P.L.1966, ch. 197, § 1. Generally, this statute has been determined to be in derogation of the common law; and hence it must be strictly construed. Art Metal Construction Co. v. Knight, 56 R.I. at 246, 185 A. at 144; Anastos v. Brown, 52 R.I. 462, 464, 161 A. 218, 219 (1932); McParlin v. Thompson, 32 R.I. 291, 291–92, 79 A. 681, 681 (1911).

More recently in Kelley v. Dunne, 112 R.I. 775, 778–79, 316 A.2d 341, 343 (1974), we observed:

"Even though [the Mechanics' Lien Law] is in derogation of the common law and therefore calls for strict compliance with its requirements, Art Metal Constr. Co. v. Knight, supra * * *, it nonetheless should be construed to carry out its purpose of ' * * * afford[ing] a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches.' Field & Slocomb v. Consolidated Mineral Water Co., 25 R.I. 319, 320, 55 A. 757, 758 (1903). It ' * * * was designed to prevent unjust enrichment of one person at the expense of another.' Art Metal Constr. Co. v. Knight, supra, 56 R.I. at 246, 185 A. at 145."

■ As we construe this section, it appears that the Legislature set forth in a single sentence of gargantuan length the requirements that must be met by a person who is seeking to lay the foundation for claiming a mechanic's lien. This sentence sets forth two major requirements: first, the person must mail by registered or certified mail, with return receipt requested, and within the specified period of time, a notice of intention to the owner of record of land (or to the lessee or tenant whose interest is sought to be subjected to the lien). Thereafter, within 120 days after the mailing of such notice of intention, a copy thereof must be filed in the records of land evidence in the city or town in which the land is located. This same sentence provides that in the event that no residence or business address of the owner, lessee, or tenant is known, the mailing of the notice should be to the address of the land.

The statute continues in the second sentence to provide that if the notice of inten-

tion shall be returned without having been delivered, it should then be filed in the records of land evidence. The final sentence in the first paragraph provides for mailing of the notice of intention to claim the lien to the inspector of buildings of the city or town where the land is located.

In mechanics' lien disputes, the law attempts to deal with the familiar dilemma of placing the burden of expense upon one of two individuals who are generally blameless. In the usual situation, a subcontractor or materialman has not been paid by the general contractor with whom the owner has made an agreement for the overall performance of improvement to his land. Frequently, the owner may make his payment to the general contractor, who then fails or neglects to pay those who have provided labor or materials for the construction project. In its present form the statute provides for a relatively prompt notice to be mailed to the owner,[1] either before or within twenty days after furnishing the materials or performing the services.

In the event that the owner's address is unknown, or if notice sent to the last known address of the owner is returned undelivered, then the importance of the giving of constructive notice by filing is greatly enhanced. In any event, the sentence that provides for the voiding of the lien does not require the filing with the building inspector. This first sentence does provide that in the event the address of the owner is unknown, the notice shall be mailed to the address of the land, a copy shall be filed in the records of land evidence, and these steps "together with the mailing of another copy thereof as hereinbelow provides shall perfect * * * the lien of the person so mailing."

 We believe that the more reasonable construction of this statute requires the mailing of a copy of a notice of intention to claim the lien to the building inspector as a condition of perfecting the lien, only in the event that the owner's address is unknown, or in the event that the notice that is mailed to the owner is returned undelivered. When the owner's address is known and the notice is successfully delivered, the failure to mail to the building inspector does not void the lien. The statutory provision for simultaneous mailing to the building inspector in such event is not mandatory but directory.

 While we realize that reasonable minds may differ on the interpretation of the subordinate clauses and the participial phrases contained in the first sentence of the statute, we believe that the foregoing resolution accords the benefit of actual notice to the owner when such is possible and requires additional forms of substituted notice when actual notice cannot be effected. We think this interpretation is a balance between the strict construction of the statute on the one hand and the carrying out of the basic legislative purpose on the other hand.

For the reasons stated, the appeal of the petitioners is sustained, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

DORIS, J., did not participate.

---

1. Under prior form of the statute, a materialman might give notice within sixty days after material has been placed on the land, G.L.1938, ch. 445, § 5, and one who furnished labor might give notice within forty days of the furnishing of such work and labor, G.L.1938, ch. 445, § 6.

The former statute provided for sending of the notice by ordinary mail, while the present statute, as already noted, requires the sending of notice by registered or certified mail, return receipt requested.