**FRANK N. GUSTAFSON & SONS, INC.**

v.

**Thomas R. WALEK.**

**No. 90–257–Appeal.**

Supreme Court of Rhode Island.

Dec. 4, 1991.

John E. Bulman, Andrew B. Prescott, Christophe Little, Tillinghast, Collins & Graham, Providence, for plaintiff.

Charles T. Knowles, Knowles & Bissonnette, Warwick, for defendant.

## OPINION

FAY, Chief Justice.

The plaintiff, Frank N. Gustafson & Sons, Inc., appeals from a Superior Court order issued on February 23, 1990, granting the motion of the defendant, Thomas R. Walek, to dismiss the mechanic's lien petition of the plaintiff. The plaintiff claims that the trial justice erred when he dismissed the plaintiff's petition (1) by applying the procedural requirement of the mechanic's lien statute and (2) by failing to exercise discretion. For the reasons set forth herein, we sustain the plaintiff's appeal and reverse the judgment of the Superior Court.

Before we analyze the issues presented, a recitation of the pertinent parts of the mechanic's lien statute as set forth in G.L.1956 (1984 Reenactment) chapter 28 of title 34 is in order.

Section 34–28–1 provides the means to obtain a lien against the property to parties who have provided labor, materials, equipment, or services for the benefit of the property. To perfect a claim for a mechanic's lien one must first satisfy the requirements of § 34–28–4, as amended by P.L.1989, ch. 189, § 1 and § 34–28–10. Borrowing an appropriate characterization of § 34–28–4 of the mechanic's lien statute from Justice Weisberger, as stated in *Faraone v. Faraone*, 413 A.2d 90, 91 (R.I.1980): "[t]he Legislature set forth in a single sentence of gargantuan length" the hoops a petitioner must jump through in order to bring a valid mechanic's lien claim. In simpler terms § 34–28–4 provides that any lien filed under §§ 34–28–1, 34–28–2, or 34–28–3 will fail unless, within 120 days of the date of performing the last work, the petitioner mails to the owner of record, by prepaid registered or certified mail, return receipt requested, a notice of intention to do work and/or furnish materials.

Included with the notice must be a statement that the petitioner, by filing a copy of such notice in the land-evidence records in the city or town where the property is located within 120 days of the mailing to the owner, will thereby perfect the mechanic's lien for any work performed within the 120–day period. The notice must also set forth (1) the name of the owner of record of the property at the time of the mailing, (2) a general description of the property, (3) a general description of the nature of the work performed or the material furnished, (4) the names of the persons for whom the work has been performed or to whom the materials have been furnished, and (5) the petitioner's name and address. Section 34–28–4.

Once the provisions of § 34–28–4 are satisfied, the petitioner is then required by § 34–28–10 to file, within 120 days of performing the last work, a petition to enforce the lien in the Superior Court for the county in which the property is located and a corresponding notice of lis pendens in the land-evidence records. Such notices should be filed on the same day or no later than three days apart.

Once the mechanic's lien is perfected, § 34–28–14 instructs the clerk of the Superior Court to advertise the petition, along with the return date set pursuant to § 34–28–15, once per week for three consecutive weeks in a newspaper of general circulation, notifying all persons with an interest in the property to appear on the return date and show cause why the mechanic's lien should not be enforced for the amount claimed. Also pursuant to § 34–28–14 the clerk shall issue citations to be served by the sheriff to all parties listed on the petition as interested parties, informing them of the need to come forward and show cause. Such citations are to be issued to the parties at least twenty days prior to the date set as the return date.

In the instant case plaintiff entered into an agreement with Gate Professional Partners (Gate) to provide labor, materials, equipment, and services to a condominium project called Gate Medical Center. Gate transferred title to defendant by general warranty deed on September 7, 1989. As of the time of Gate's transfer of title to defendant, Gate had not paid plaintiff for the value of the services rendered.

On September 29, 1989, defendant, pursuant to § 34–28–4, filed a notice of inten-

tion in the land-evidence records of the city of Warwick. On September 30, 1989, plaintiff mailed a copy of the notice, prepaid certified mail, return receipt requested, to defendant as the owner of record. Thereafter, on November 28, 1989, plaintiff filed a notice of lis pendens in the land-evidence records of the city of Warwick and a petition to enforce a mechanic's lien for $55,-700 in the Superior Court. The petition listed defendant as the owner and title holder of the subject property and noted Citizens Bank and Gate as entities with interests.

Pursuant to §§ 34–28–14 and 34–28–15, the clerk of the Superior Court advertised the proceedings and established a return date of February 23, 1990, at which time all interested parties were required to come forward and show cause why such lien should not be allowed and enforced for the amount claimed. In addition, the clerk issued citations for Citizens Bank and Gate but for reasons unknown omitted a citation for defendant.

On February 7, 1990, defendant filed a motion to dismiss for lack of personal jurisdiction. The trial justice granted defendant's motion and dismissed plaintiff's petition in an order filed on February 21, 1990.

The plaintiff first asserts that the trial justice erred in granting defendant's motion to dismiss by adhering strictly to the procedural formalities of the mechanic's lien statute. "In mechanics' lien disputes, the law attempts to deal with the familiar dilemma of placing the burden of expense upon one of two individuals who are generally blameless." *Faraone*, 413 A.2d at 92. This is usually the situation because a third party has become insolvent, as Gate has here.

■ Inherent in the application of the mechanic's lien statute is the potential for harsh results. Given the need for temperance in its enforcement and because the statute is in derogation of common law, it must be strictly construed. *Id.* at 91. *Art Metal Construction Co. v. Knight*, 56 R.I. 228, 246, 185 A. 136, 144 (1936); *Anastos v. Brown*, 52 R.I. 462, 464, 161 A. 218, 219 (1932); *Rhode Island Marble & Tile Co. v.*

*Spear*, 49 R.I. 441, 442, 143 A. 777, 777 (1928); *McParlin v. Thompson*, 32 R.I. 291, 291–92, 79 A. 681, 681 (1911). However, we have also recognized that the statute is remedial and should therefore "be construed to carry out its purpose of ' * * * afford[ing] a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches.' " *Faraone*, 413 A.2d at 91 (quoting, *Kelley v. Dunne*, 112 R.I. 775, 778–79, 316 A.2d 341, 343 (1974) and *Field & Slocomb v. Consolidated Mineral Water Co.*, 25 R.I. 319, 320, 55 A. 757, 758 (1903)); *see also Roofing Concepts, Inc. v. Barry*, 559 A.2d 1059, 1061 (R.I.1989); *Ayers–Schaffner v. Solomon*, 461 A.2d 396, 399 (R.I.1983); *City of Warwick v. Almac's, Inc.*, 442 A.2d 1265, 1272–73 (R.I.1982). It was " 'designed to prevent unjust enrichment of one person at the expense of another.' " *Faraone*, 413 A.2d at 91.

■ In this case plaintiff complied with the mandatory statutory provisions with respect to perfecting the mechanic's lien petition as set forth in §§ 34–28–4 and 34–28–10. But for the clerk's failure to comply fully with the requirement of §§ 34–28–14 and 34–28–15, this case would not be before us now.

A similar problem presented itself in *Faraone*. In that case the petitioner's failure to mail a copy of the notice of intention to the building inspector simultaneously with the mailing to the owner of record did not prove to be fatal to the mechanic's lien action. In reversing the judgment of dismissal rendered by the Superior Court, we concluded that an interpretation of the relevant notice provision of §§ 34–28–4 and 34–28–10 required a balance to be struck "between the strict construction of the statute on the one hand and the carrying out of the legislative purpose on the other hand." *Faraone*, 413 A.2d at 92.

Although we recognize in the instant case that plaintiff had the opportunity to discover the clerk's error, we are of the opinion that to obligate every petitioner to ensure that the clerk's office satisfactorily performs its statutory duties would be un-

duly burdensome. It would also increase the already cumbersome notice standards of the mechanic's lien under §§ 34–28–4 and 34–28–10. Such a decision accords itself with the principle set forth in *Faraone* of striking a balance between the strict construction of the statute on the one hand and the carrying out of the legislative purpose of affording a liberal remedy to all who have contributed labor or materials toward adding to the value of the property to which the lien attaches on the other. Hence, the trial justice erred in applying the procedural requirements of the mechanic's lien statute when granting defendant's motion to dismiss.

Next plaintiff claims that the trial justice's failure to exercise discretion in dismissing plaintiff's petition was in fact an abuse of discretion.

■■■ It is well-settled law in this state that on review, "[t]he decision of the trial court made in the exercise of a discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof." *Matracia v. Matracia*, 119 R.I. 431, 438, 378 A.2d 1388, 1391 (1977); *see also Hodosh v. Ford Motor Co.*, 477 A.2d 77, 79 (R.I.1984); *Prior v. Prior*, 447 A.2d 1155, 1157 (R.I.1982); *Ludwig v. Kowal*, 419 A.2d 297, 304 (R.I.1980). The trial court's discretionary power includes granting leave to amend service of process. *Wachsberger v. Pepper*, 583 A.2d 77, 78 (R.I.1990) (citing *Babbs v. John Hancock Mutual Life Insurance Co.*, 507 A.2d 1347, 1349 (R.I.1986)); *see also Goodman v. Turner*, 512 A.2d 861, 866 (R.I.1986); *Richard v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 528, 540, 324 A.2d 671, 677 (1974). In exercising such discretion, we have consistently held that absent a showing by the opposing party of substantial prejudice, amendments should be freely granted in order to encourage and "facilitate the resolution of disputes on their merits rather than on blind adherence to procedural technicalities." *Wachsberger*, 583 A.2d at 78 (citing *Inleasing Corp. v. Jessup*, 475 A.2d 989, 992 (R.I.1984)); *see also Goodman*, 512 A.2d at 866. Further-

more, when exercising judicial discretion on a motion to dismiss, a trial judge must do so with a "scrupulous regard for the rights of the parties." *Manekofsky v. Baker*, 92 R.I. 377, 381, 169 A.2d 376, 379 (1961); *Levy v. Gerhard*, 74 R.I. 288, 292, 60 A.2d 494, 496 (1948) (motion to dismiss requires justice to exercise sound discretion in the light of reason applied to all the facts and with a view to the rights of all parties to the action).

■■ Under §§ 34–28–14 and 34–28–15 failure to serve a citation does not necessitate a dismissal of a mechanic's lien petition. Consequently the trial justice was not mandated to dismiss plaintiff's petition and was therefore able to exercise discretion in ruling on defendant's motion to dismiss. In granting defendant's motion to dismiss, it appears that the trial justice opted to rely strictly on the procedural requirements of the statute rather than on the respective rights of the parties and the degree of prejudice, if any, defendant would incur had he not granted the motion. Clearly the trial justice should have balanced the respective harms to the parties. Had he done so, it would have been apparent that defendant had not suffered substantial prejudice by way of the failed service. Indeed, it is apparent from the facts that despite the clerk's error, defendant had actual notice of the proceedings as evidenced by defendant's motion to dismiss filed on February 7, 1990, four days after the omitted citations should have been served. The defendant had a minimum of sixteen days in which to act and would not have lost any rights had the trial justice denied his motion to dismiss, because the court could have easily amended the service by extending the time set for the return date to reflect the clerk's error.

The defendant relies heavily on an early case, *Vickerie v. Spencer*, 9 R.I. 585 (1870). In *Vickerie* the statutorily mandated citation to the owner of record was not issued from the clerk's office, and the notice was consequently found to be insufficient to exercise jurisdiction over the defendant. The instant case, however, is readily distinguishable. Here it is apparent that defen-

dant had actual notice of the proceedings by virtue of his motion to dismiss filed sixteen days prior to the return date whereas in *Vickerie* there is no indication that the defendant ever received actual or constructive notice of the proceedings.

As stated, courts must rule on motions to dismiss while exercising sound discretion in the light of reason and with a view to the rights of the parties, and absent any showing of substantial prejudice to the opposing party, amended service of notice is to be freely granted. To do otherwise, as the trial justice did here, constitutes an improper exercise of the court's discretionary powers and an abuse thereof.

Accordingly the plaintiff's appeal is sustained, the judgment of the Superior Court is reversed, and the case is remanded for further proceedings.