[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is a motion by James P. Theroux, et als., (Defendants) seeking to dismiss or dissolve a mechanic's lien filed by Remington Lumber Company (Plaintiffs).
The facts pertinent to the instant case are as follows. During the spring of 1991 defendants entered into a contract with R.J.W. Development, Inc. (R.J.W.) whereby the latter was to construct a residential dwelling on property owned by defendants and located at 113 Rock Avenue, Pascoag, Rhode Island. Ostensibly pursuant to the agreement, defendants released certain funds to R.J.W. in order to purchase supplies and otherwise provide for construction costs. These funds were also to be used for the hire of sundry subcontractors which R.J.W. was to employ.
After having received these funds R.J.W. entered into a subcontracting agreement with plaintiff. A series of transactions then took place whereby plaintiff supplied lumber and other construction materials to R.J.W. to be used for the development of defendants' home. The last such transaction occurred on June 12, 1991.
R.J.W. thereafter either refused or was unable to make sufficient payments to plaintiff for the materials supplied. Plaintiff, pursuant to R.I.G.L. 1956 (1984 Reenactment) §34-28-1[1] et. seq., then filed a mechanics' lien against defendants' property.
In accordance with R.I.G.L. 1956 (1984 Reenactment) §34-28-4, plaintiff filed a notice of intention to claim a lien against defendants' property. Said statute requires, interalia, that any person entitled to a mechanic's lien file notice of the lien in the records of the town where the property is located and send notice of intention to claim such a lien to the property owner. Additionally, notice to the property owner must be filed before or within one hundred twenty (120) days after the last date of furnishing the materials for which the lienor seeks payment.
In attempting to comply with the mandates of the statute plaintiff sent timely notice to defendants of the intention to claim the lien. Said notice was sent on July 8, 1991, by certified mail, to defendants' residential address as recorded in the Tax Assessor's office of the Town of Burrillville. On the same day plaintiff filed the notice of intention in the Burrillville Registry of Deeds.
Plaintiff thereafter filed a petition to enforce the lien as well as a lis pendens notice as is required under R.I.G.L. 1956 (1984 Reenactment) § 34-28-10. Said petition and lis pendens notice were filed on October 17, 1991.
Defendants here seek to dissolve or dismiss plaintiff's lien on several procedural grounds. First, defendants aver that plaintiff failed to comply with § 34-28-4 in that notice to defendants was sent to an improper address. Defendants next contend that plaintiff's petition to enforce the lien was untimely and is therefore barred under § 34-28-10. Lastly, defendants seek dissolution of the lien based upon plaintiff's alleged failure to comply with the proper notice requirements ofR.I.G.L. 1956 (1984 Reenactment) § 34-28-15 which requires a lienor to send the property owner service of citation of the petition to enforce.
Conversely, plaintiff contends that any and all notice to defendants substantially complied with the requirements of §34-28-4 and § 34-28-15 and any deficiencies therein were not fatal to their claim. Additionally, plaintiff asserts that the petition to enforce the lien was timely.
Analysis
The advent of the Rhode Island Mechanics' Lien Law was designed to "prevent unjust enrichment of one person at the expense of another." Art Metal Construction Co. v. Knight,56 R.I. 228, 246, 185 A. 136, 145 (1936). The inherent purpose of the law was, and is, to provide a "liberal remedy to all who have contributed labor or materials towards adding to the value of the property to which the lien attaches." Field Slocomb v.Consolidated Mineral Water Co., 25 R.I. 319, 320, 55 A. 757, 758 (1903). While the law is in derogation of common law and must therefore be strictly construed, Art Metal Construction Co.,supra, at 246, 185 A. at 144, our Supreme Court has held that the legislative intent of providing such a remedy to all lien holders should be carried out. Field Slocomb, supra.
While the various forms of the Mechanics' Lien Law have never been construed as concise and unambiguous, the Legislature has nevertheless set forth several requirements which must be satisfied prior to any lien being perfected. The lienor is first required to satisfy the notice of intention to claim the lien requirements of § 34-28-4. Thereafter, the lienor is required to file a petition to enforce the lien. The statute also provides that the lien of any person who fails to satisfy the necessary requirements, as set forth, within the specified time period shall be void and wholly lost.
Defendant first contends that plaintiff failed to comply with the procedural requirement of notice pursuant to § 34-28-4. Said section, in a single sentence of extraordinary length, mandates that any person seeking to perfect a lien satisfy two requirements. First, the person must mail, by registered or certified mail, with return receipt requested, a notice of intention to the owner of record of the land subject to the lien. Said notice must be sent within one hundred twenty (120) days before or within the last date after the furnishing of the materials. Second, within one hundred twenty (120) days of the mailing of such notice of intention, a copy thereof must be filed in the record of land evidence in the city or town in which the land is located.
Plaintiff contends that substantial compliance with these requirements was met. On July 8, 1991, plaintiff filed the notice of intention with the Registry of Deeds of the Town of Burrillville. On the same date, plaintiff sent by certified mail a copy of the notice of intention to defendants. However, plaintiff forwarded this notice to defendants' address as listed on the Burrillville Tax Assessor's records. Section 34-28-4
mandates that such notice be sent to the last known address or place of business of the land owner, or, if neither be known or ascertainable, to the address of the land to be attached. Defendants contend that the address listed on the Tax Assessor's records was not their last known address. Consequently, defendants claim that this procedural flaw is fatal to plaintiff's lien. This Court disagrees.
While defendants are correct in asserting that the statute must be strictly construed they fail to acknowledge that strict compliance therewith would often result in harsh consequences thereby abrogating the true legislative intent of enacting the Mechanics' Lien Law. To this end, our Supreme Court has held that the more prudent approach would be to strike a balance between the strict compliance of the statute while at the same time attempt to carry out the legislative purpose of the Mechanics' Lien Law. See, Frank N. Gustafson Sons, Inc. v. Walek,599 A.2d 730, 733 (1991); Faraone v. Faraone, 413 A.2d 90, 92 (R.I. 1980).[2] Specifically, in Gustafson the Court posited that it is incumbent for a trial justice to balance the respective harms of the parties prior to ruling on whether to dismiss the claim. Gustafson, 599 A.2d at 733.
On this account, this Court finds that no substantial prejudice to defendants occurred as a result of plaintiff mailing the notice of intention to claim the lien to an address other than one allowed under § 34-28-4. Conversely, strict compliance with this procedural requirement would result in plaintiff's claim being void and wholly lost. Moreover, it is uncontradicted that in the instant case, as in Gustafson, defendants had actual notice of plaintiff's claim. Defendants admit having received a copy of the lien notice and thereafter making contact with plaintiff regarding same. Additionally, counsel for defendants was apprised of plaintiff's intention in September, 1991. It is therefore difficult to imagine how defendants were prejudiced in any way by plaintiff's failure to strictly comply with § 34-28-4.
Defendants next rely upon a similar argument in seeking to dissolve plaintiff's claim. Pursuant to § 34-28-15, a citation notifying any owner or encumbrancer of a petition to enforce a mechanics' lien must be mailed to said owner's or encumbrancer's last known residence or place of business. If neither be known, the statute provides that service by advertisement is sufficient.
Plaintiff mailed the citation to defendants' last address as listed on the Burrillville Tax Assessor's records rather than defendants' actual last known address. Plaintiff contends, and this Court agrees, that Gustafson requires that a balance of harms to the respective parties be weighed. See, Gustafson,supra, at 733. In so balancing, this Court finds that strict compliance with this requirement would work substantial injustice upon plaintiff while at the same time operate as nothing more than a technical inconvenience upon defendants.
Defendants lastly seek dissolution of the claim based upon plaintiff's alleged untimeliness of filing the petition to enforce the lien. Perhaps no section of the Mechanics' Lien Law benefited more from the 1991 Reenactment than did § 34-28-10. In its present form[3] there is no doubt as to when a claim is time-barred. Prior to the 1991 Reenactment, however, there existed several time limitations available to a lienor.
The former section provided that a lienor seeking to enforce a claim file a petition to enforce the lien as well as a lis pendens notice. The statute went on to state:
 that such petition and such notice of lis pendens be filed within one hundred twenty (120) days of the date of the doing of the last work by the petitioner in or the furnishing of the last materials by the petitioner . . . or (Emphasis added) within one (1) year and one hundred twenty (120) days of the filing of a notice of intention under § 34-28-4 or of the filing of the last renewal notice under § 34-28-9 whichever time shall first occur . . .
R.I.G.L. 1956 (1984 Reenactment) § 34-28-10. The Legislature sought to place a time limitation upon the filing of such a petition which was to be triggered upon the happening of one of three events. In the first instance, a lienor was allowed or required to file the petition within one hundred twenty (120) days "of the date of the doing of the last work or the furnishing of the last materials by the petitioner." In that plaintiff last supplied materials to R.J.W. for the construction of defendants' home on June 12, 1991, and subsequently filed said petition on October 17, 1991, the claim would have been time-barred. However, the second triggering mechanism places plaintiff well within the specified time period.
Section 34-28-10 also provides that the petition may be filed within "one (1) year and one hundred twenty (120) days of the filing of the notice of intention under § 34-28-4 or of the filing of the last renewal notice under § 34-28-9, whichevertime shall first occur." Consequently, plaintiff had one (1) year and one hundred twenty (120) days after filing the notice of intention to file the petition to enforce the lien. In that said notice of intention was filed on July 8, 1991, and the petition to enforce filed on October 17, 1991, plaintiff's claim is clearly not time-barred.
Defendants misconstrue § 34-28-10. The "whichever time shall first occur" provision of the statute applies only in those instances where the petition is filed within one (1) year and one hundred twenty (120) days of the filing of the notice of intention or of the filing of the last renewal notice. It does not, as defendants contend, apply in those instances where the petition is filed within one hundred twenty (120) days of the furnishing of the last materials. This interpretation is consistent with the 1991 amendment of § 34-28-10 which provides that such a petition be filed within one hundred twenty (120) days of the filing of the notice of intention.
This Court finds, therefore, that in balancing the respective harms to plaintiff and defendants, any deficiencies in the notice requirements as mandated by § 34-28-4 and § 34-28-15 are insufficient to dissolve plaintiff's claim. Additionally, the Court finds that plaintiff's filing of the petition to enforce said claim is timely.
Accordingly, for the reasons herein above set out defendants' motion to dissolve or otherwise dismiss plaintiff's lien is hereby denied.
Counsel shall prepare entry of judgment in accordance with this decision.
[1] The Court is mindful that the legislature in 1991 made many needed changes to the mechanics' lien laws. However, these amendments were made applicable only to those liens filed on or after September 1, 1991. In that the present lien pre-dated said date, the Court is required to resolve the instant issue under the former mechanics' lien statutes.
[2] In both Gustafson and Faraone the Court held that certain procedural requirements with respect to notice pursuant to § 34-28-4 which were not followed were not fatal to the lienor's claim.
[3] The 1991 Reenactment provides that any lien filed on or after September 1, 1991, shall be void and wholly lost if a petition to enforce said lien is not filed within one hundred twenty (120) days of the filing of the notice of intention to claim such a lien.