Robert L. LEHMAN

v.

Lucy ROBITAILLE and
Donald Robitaille.

No. 97–112–Appeal.

Supreme Court of Rhode Island.

March 26, 1998.

Paul C. Borges.

Michael T. Eskey, Providence, James P. Flynn, Kingstown, Lauren E. Jones, Providence.

## ORDER

This case came before the court for oral argument March 10, 1998, pursuant to an order that directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendants, Lucy and Donald Robitaille (the Robitailles) have appealed from a judgment entered in the Superior Court in favor of the plaintiff, Robert L. Lehman (Lehman) in the amount of $20,357.15, including interest. This judgment was based upon the following facts.

The defendants who are husband and wife were the owners of a parcel of land in the town of Glocester, Rhode Island. In 1992 they hired Modern Home Builders (Modern) as a general contractor to build a dwelling house on their property. Modern hired the plaintiff to perform heating, ventilation, and

air-conditioning work on the home. He worked on this project from September 1992 to June 1993 and was paid the sum of $6,500 by Modern.

Modern filed a petition in bankruptcy in May 1993 but had not paid Lehman in full for the work that had been performed. In June of 1993 Lehman met with the Robitailles to discuss the completion of his work. They agreed to pay plaintiff $5,000 to complete the work, but gave him $4,000 with the stipulation that they would pay an additional $1,000 when the work was completed. Apparently there was a dispute about whether plaintiff would complete the work for this sum and prior to the payment of the final $1,000. In any event the work was not completed and the additional $1,000 was not paid.

Lehman commenced proceedings for a mechanics' lien by sending a notice of intention to claim such a lien to Lucy Robitaille on July 28, 1993. He did not name Donald in his notice, nor did he send a separate notice to Donald.

In October 1993 he filed a petition to enforce the mechanics' lien. Thereafter, he filed a complaint for unjust enrichment against the Robitailles in which he demanded payment for the work that he had performed in the amount of $17,129. The mechanics' lien petition and the complaint for unjust enrichment were consolidated and were tried before a justice of the Superior Court without the intervention of a jury. After trial, judgment entered in favor of the plaintiff in the amount of $14,629 plus interest of $5,728.15.

In their appeal, defendants challenge the validity of the mechanics' lien (in the amount of $6,000) by reason of the fact that the notice of lien was sent only to Lucy. The trial justice held that since Lucy and Donald were tenants by the entirety, notice to one was notice to the "entirety" as an entity.

We have held that the mechanics' lien statute should be strictly construed. *Faraone v. Faraone*, 413 A.2d 90 (R.I.1980). It is also undisputed that G.L.1956 § 34–28–4 specifically provides that a mechanics' lien shall be void unless the person claiming the lien notifies the owner of record of the property by certified mail.

Although we also held in *Faraone* that this statute should afford a liberal remedy to those who have contributed labor or material which added to the value of the property, we did not hold in that case that the requirement of notice to the owner of record could be overlooked. We did determine that the failure of the petitioners in that case to mail a copy of the notice of intention to the building inspector of the town was not fatal to the petition to enforce the lien. *Faraone*, 413 A.2d at 92. We have not held that failure to notify an owner of record is not essential to the validity of the lien.

It is notable in this case that the trial justice failed to make a finding that Donald had actual notice of the lien. At trial Donald stated that he did not recall being notified by his wife concerning the notice which she received. It has been held that notice to one owner or joint tenant does not necessarily fulfill statutory notice requirements. *See generally* 76 A.L.R.3d 605 (1977).

In respect to the award to the plaintiff for unjust enrichment, the defendants claim that most of the work on the house remained to be completed after Modern became insolvent and when Lehman discontinued his work. Lucy Robitaille testified that she was required to connect the heat after Lehman discontinued. It is undisputed that the air-conditioning work was not completed. The defendants further testified that when Modern ceased construction, painting had not been done, floors had not been laid, no stairways were installed, no tile work had been done, and no sinks, toilets or bathtubs had been installed.

Our examination of the record in this case indicates that the Robitailles were not unjustly enriched by Lehman and that they as well as the plaintiff had been severely disadvantaged by a general contractor to whom they had paid a significant sum of money (approximately $167,000). The plaintiff had received total payments from Modern and defendants in the amount of $10,500. The trial justice found that the value of the services of Lehman amounted to $25,129. She further held that plaintiff was entitled to the

remaining $14,629 from the defendants under the theory of unjust enrichment. Of that sum $6,000 was attributable to the enforceable mechanics' lien.

We disagree with the trial justice's finding that the mechanics' lien was enforceable and that the labor and materials provided by the plaintiff unjustly enriched the Robitailles under all the circumstances of this case. We believe that both were the victims of the insolvent general contractor.

Consequently, the appeal of the Robitailles is sustained. The judgment of the Superior Court is reversed and the papers in the case are remanded to the Superior Court with directions to enter judgment in favor of the defendants.

BOURCIER, J., did not participate.