DECISION
The motion before the Court is one for summary judgment under Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure. Design Fabricators ("Plaintiff"), a subcontractor who has not been paid for work done for the Defendants, has petitioned for a mechanic's lien pursuant to R.I.G.L. § 34-28-1, et seq. ("Mechanic's Lien Statute"), in the amount of $34,480.68. Sixty, Inc., the owner of the property in question, and Valley Country Club on Ledgmont, the lessee ("Defendants"), dispute the amount of money owed under the Mechanic's Lien Statute, and thus object to Plaintiff's Motion for Summary Judgment.
The Court finds that, based on the evidence submitted by both parties, there is a disputed and genuine material issue of fact. As such, this case in not ripe for summary judgment, and the Plaintiff is not entitled to judgment as a matter of law.
 FACTS AND TRAVEL
Plaintiff was a subcontractor under the general contractor, Austin Ross Construction, Inc., for a large-scale renovation of the Defendants' premises located at 251 New London Avenue, Warwick, Rhode Island. On August 22, 2005, Plaintiff submitted to Austin Ross Construction, Inc. a final "Application and Certificate for Payment" totaling $97,402.01, covering a period of time ending August 31, 2005. On that document, the Plaintiff, by its President, Robert Armstrong, indicated that "to the best of [its] knowledge, information and belief, the work covered by [the] Application has been completed" in accordance with the contract it had with the general contractor.
After this date, the Plaintiff hired two of its own subcontractors, who worked on the Defendants' property between October 5 and November 11, 2005. According to affidavits submitted by those sub-subcontractors, the Plaintiff paid the sub-subcontractors a total of approximately $28,972 for work done during this time period. The records of the general contractor, however, indicate that the hourly work for these sub-subcontractors, at the assumed pay rate of $35 an hour, was only worth approximately $13,825. In addition to this hourly amount, the Defendants admit that the Plaintiff installed certain materials worth approximately $1,076, for a total admitted amount owed of $14,901.
On January 30, 2006, in accordance with G.L. § 34-28-4, the Plaintiff filed a "Notice of Intention to Do Work or Furnish Materials or Both" with the Defendants, as well as in the Land Evidence Records of the City of Warwick. On January 31, 2006, in accordance with G.L. § 34-28-10, the Plaintiff filed a Notice of Lis Pendens.
 STANDARD OF REVIEW
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings, and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v.Burrillville Racing Assoc., 603 A.2d 317, 320 (R.I. 1992) (citingSteinberg v. State, 427 A.2d 338 (R.I. 1981); Ludwig v. Kowal,419 A.2d 297 (R.I. 1980)); Super. R. Civ. P. 56(c). "Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, no material questions of fact exist and the moving party is entitled to judgment as a matter of law." Konar v. PFL LifeIns. Co., 840 A.2d 1115, 1117 (R.I. 2004). Furthermore, the party opposing the motion for summary judgment carries "the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Tanner v. Town Council of EastGreenwich, 880 A.2d 784, 791 (R.I. 2005) (quoting Lucier v. ImpactRecreation, Ltd., 864 A.2d 635, 638 (R.I. 2005)). Only "[w]hen an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in light most favorable to the party opposing the motion, reveals no such [disputed material issue of fact,] the suit is ripe for summary judgment."Industrial National Bank v. Peloso, 121 R.I. 305, 306, 397 A.2d 1312,1313 (1979).
 DISCUSSION
"[T]he intended purpose [of the Mechanic's Lien Statute] is to `afford a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches.'"Desimone Elec., Inc. v. CMG, Inc., 901 A.2d 613, 619 (R.I. 2006) (quoting Gem Plumbing Heating Co. v. Rossi, 867 A.2d 796, 803 (R.I. 2005); Field Slocomb v. Consolidated Mineral Water Co., 25 R.I. 319,320, 55 A. 757, 758 (1903)). "The law was `designed to prevent unjust enrichment of one person at the expense of another.'" Id. (quotingGem Plumbing Heating Co., 867 A.2d at 803; Art Metal Construction Co.v. Knight, 56 R.I. 228, 246, 185 A. 136, 145 (1936)). Nevertheless, the Mechanics Lien Statute "has been determined to be in derogation of the common law; and hence it must be strictly construed." Faraone v.Faraone, 413 A.2d 90, 91 (R.I. 1980) (citing Art Metal ConstructionCo., 56 R.I. at 246, 185 A. at 144; Anastos v. Brown, 52 R.I. 462, 464,161 A. 218, 219 (1932); McParlin v. Thompson, 32 R.I. 291, 291-92,79 A. 681, 681 (1911)).
Pursuant to R.I.G.L. § 34-28-4, Plaintiff mailed, by certified mail, return receipt requested, the "Notice of Intention . . ." before or within 120 days after doing such work or furnishing materials to the owner and the lessee of the property. Plaintiff otherwise followed the steps required by the Mechanic's Lien Statute. Under the Mechanic's Lien Statute, the lien period reaches back 120 days from the date of filing to September 30, 2005. Work done before that time is not to be included in the value of the lien unless the work done was annexed to the property during the lien period. Sweet Carpenter v. James, 2 R.I. 270,287 (1852) ("The labor upon the material before it is annexed becomes part of the labor of the improvement when it is annexed.").
The Plaintiff, by way of an undated affidavit by its President, has provided evidence that the debt the Defendants owe is in the amount of $34,480.68. It is unclear if the amount claimed is based upon the hourly wages of the Plaintiff's employees and sub-subcontractors, the payments made to the sub-subcontractors, materials the Plaintiff furnished to the Defendants, previous work annexed by its sub-subcontractors during the lien period, profit on any of the previous, or some combination thereof. Defendants, on the other hand, have provided evidence — in the form of hourly wage sheets and material submission sheets submitted by the Plaintiff to the general contractor during the lien period — that suggests that the Plaintiff, based on an hourly wage of $35 an hour, is only owed approximately $14,901.
 CONCLUSION
For the foregoing reasons, the Court holds that there is a disputed genuine issue of material fact as to the amount of the Plaintiff's mechanic's lien. The Court therefore denies the Plaintiff's Motion for Summary Judgment.
Counsel shall submit the appropriate Order for Entry.