GEORGE G. SPENCER *vs.* THOMAS DOHERTY.

A petition to enforce a mechanic's lien did not set out the particulars of the petitioner's account, and prayed for a lien on the premises described, not on the respondent's interest in them.

*Held*, faulty, but amendable.

The provision of Pub. Stat. R. I. cap. 177, § 7, that the notice of lien claim should be recorded in a book to be kept for that purpose, is directory to the town clerk.

PETITION for the enforcement of a mechanic's lien. On respondent's motion to dismiss the petition.

*July* 5, 1890. PER CURIAM. The court is of the opinion that the petition is defective in two respects, to wit : *first*, it does not set forth the particulars of the petitioner's account or demand; *second*, it asks for a lien against the premises mentioned in the petition, whereas it is admitted that the respondent is entitled to only an undivided half of said premises, his wife being entitled to the other half. The prayer should be for the enforcement of a lien against his interest, in accordance with the notice of lien recorded in the town clerk's office. We think, however, that the petition is amendable in these respects.

We do not think the other objections made to the petition are tenable; nor do we think that it is necessary to the validity of a

lien that the notice provided for in Pub. Stat. R. I. cap. 177, § 7, should be recorded in the office of the town clerk, in a book to be kept for that purpose, that language being directory to the clerk.

_Thomas F. Cosgrove_, for petitioner.

_Herbert B. Wood & William Fitch_, for respondent.

NOTE. — The provision relative to a lien in favor of material men, Pub. Laws R. I. cap. 696, § 4, of March 21, 1889, amending Pub. Stat. R. I. cap. 177, § 5, is different. _Dodge_ v. _Walsham_, 16 R. I. 704.