### JAMES C. GOFF *vs*. FRED H. HOSMER.

#### PROVIDENCE—MAY 12, 1897.

PRESENT: Stiness, Tillinghast and Douglas, JJ.

G. furnished materials for a building erected for H., and on April 17 gave to him, and had recorded, a general statement of the account, with notice that he "*intends to claim, and does claim*," a lien therefor. On August 13 he had recorded a particular account with notice to what building and land, and to what and whose estate therein, the same referred. The petition was filed in court the next day:—

*Held*, that while the two notices required by statute may be combined and recorded at the same time, it had not been done in the above proceedings, and the petition was filed within twenty days after commencing legal process to enforce the lien.

The statute contemplates that a full statement of the items of the account, and not a mere lump sum, shall be recorded in the commencement of legal process to enforce a lien.

The statement in the second statutory notice that "*said account is filed for the purpose of commencing proceedings to enforce the lien*," &c., commended as good practice.

BILL IN EQUITY to enforce a lien for materials furnished. Heard on application to dismiss for want of jurisdiction.

STINESS, J. Gen. Laws, cap. 206, §§ 5, 7 and 9, in regard to liens for materials furnished in the erection or reparation of a building, point out the steps to be taken for enforcement.

*First.* Notice must be given to the owner, within sixty days after the materials are placed on the land, of an intention to claim such lien.

*Second.* A copy of said notice must, also within said sixty days, be placed on record in the office of the town clerk, or recorder of deeds, of the town or city where the land is situated.

*Third.* Legal process for enforcing the lien shall be commenced within six months from commencing the delivery of materials.

*Fourth.* The commencement of legal process to enforce such lien shall be the lodging of the account or demand for which the lien is claimed, in the office of the town clerk or recorder of deeds, with notice to what building and land, and to what and whose estate in the same, said account or demand refers.

*Fifth.* Within twenty days after commencing legal process, as stated, the claimant shall file his petition in equity in court.

In this case notice was duly given to the respondent, and recorded, that the petitioner "intends to claim, *and does claim*," a lien, accompanied by the general statement, "To building materials, $173.10 ;" the date of record being April 17, 1896. After this, on August 13, 1896, the particular account for which the lien is claimed, with notice to what building and land and to what and whose estate in the same the account referred, was also recorded, and the petition was filed in court on the following day.

Under these facts the respondent claims that the "commencement of legal proceedings" was complete under the first recorded notice, and that the lien is lost because the petition was not filed within twenty days thereafter. His argument is that the notice of an intention to claim a lien and the commencement of proceedings to enforce it may be included in the same paper, and recorded at the same time; and that the first notice filed in the case was of that character, by reason of the words, "and does claim a lien." We see no reason, as was intimated in *Tingley* v. *White*, 17 R. I. 533, why the two notices may not be combined so as to be the "commencement of legal proceedings." There is no need to have notices on record that are duplicates, and if the first contains all that is required by the statute for the commencement of proceedings we are unable to see why that is not enough. The purpose of the provisions which imply two notices is clear—first, notice of intention to claim

.a lien, both to the owner and to the public, and, secondly, the first step in legal process by a notice showing what the lien relates to. The evident purpose of this last notice is to show that legal process has begun. Hence we said, in *Tingley* v. *White*, that a conformity to the statute requires that this fact must appear, if both notices are combined. There must not only be notice of an intention, but also of a commencement of process, in order that the owner or purchaser may be apprised of the fact. If either of these.two things be lacking, the provisions of the statute are not fulfilled.

The question in this case, then, is whether the first notice was such a compliance with the statute as to amount to a commencement of legal process. We do not think that it was. In the first place, no account was filed with the notice. The statute contemplates a full statement of the account, not a mere lump sum, together with the items, as far as practicable, so that the owner may know the details of the claim, and thus be able to see whether they should be paid or resisted. It is not always possible to file an account with the first notice, because the notice of an intention to claim a lien may be given before the delivery of materials is completed, and so before an account can be made up. The omission of such an account was not a compliance with the statute, and hence could not be, and evidently was not intended to be, a commencement of legal proceedings according to its terms. The second notice gave the full account, and added the statement, which we commend as good practice : "Said account is filed for the purpose of commencing proceedings to enforce the lien," &c. This fact not appearing in the first notice, it not only did not comply with the requirement of the statute as to the account, but it did not conform to the purpose of the statute in giving notice of the commencement of proceedings.

'It is urged, however, that this intention was disclosed by the words, "and does claim a lien," in the first notice. We do not think that they should be so construed.' They simply give notice of a present *claim*, which is quite distinct from a notice that the claimant has begun to enforce the claim.

The word "demand" is used in the statute with the word "account," but we think that this is intended to cover cases which may not be the subject of an account, or where a particular account cannot be given; and that it is not intended to substitute a general statement in place of an account in other cases.

The respondent refers to the decree in the case of *Arnold v. Bradley*, Eq. 4179, entered at the present term, in support of his petition. From an inspection of the papers we find that one notice only was recorded, and that such notice related only to an intention to claim a lien. Had we known this fact, we should not have entered the decree. Several attorneys appeared in the case, which was heard in parts at lengthy intervals, a number of lien petitions having been consolidated; and to this claim the statement was made by counsel, which was not disputed, that the notice contained all that the statute required. The question argued was whether there could be one notice instead of two. Assuming the unquestioned fact as stated, the court said, as we say now, that we saw no reason why the two notices could not be combined; and the decree was thereupon entered without objection. We state these facts in order that the decree may not be misunderstood to be a precedent to the contrary of the opinion here expressed.

We therefore decide that the second notice in this case was the commencement of legal proceedings, and that the petition was duly filed.

*Stephen O. Edwards and Walter F. Angell*, for petitioner.
*Nathan W. Littlefield*, for respondent.