MAURICE J. MURPHY *vs.* VINCENZO GUISTI *et al.*

PROVIDENCE—APRIL 15, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mechanics' Liens.   Amendments.*

Faults in the petition filed under Gen. Laws R. I. cap. 206, § 9, "Of the lien of mechanics," are amendable.

(2) *Mechanics' Liens.*

A petition under Gen. Laws R. I. cap. 206, § 9, which describes the building by reference to the contract made by the owner with the contractor to whom the petitioner furnished the materials is sufficient.

(3) *Mechanics' Liens.*

Gen. Laws R. I. cap. 206, § 5, provides for two classes of liens, one for work and materials furnished under contract with the owner, and the other for materials furnished to a contractor.   In the latter case the person furnishing the materials is required to give notice to the owner, within sixty days after the materials are placed upon the land, that he intends to claim a lien.   Section 6 gives a lien for work done by a sub-contractor, provided notice is given, within thirty days after commencing the work, to the person against whose estate a lien is claimed.   A petition, filed to enforce a lien for plumbing, alleged that notice was given within sixty days :—

*Held,* that the petitioner was not entitled to a lien for labor, but that the petition showed a case for materials furnished, and that it was faulty because it stated only the contract price for plumbing furnished the con-

tractor, including both work and labor in a lump sum, without specifying the amount due for materials.

(4) *Mechanics' Lien.*

*Held,* further, that the account or demand required by section 7 was not such a detailed account as that required by section 9; hence notice of a "demand" filed under section 7, which claimed more than the petitioner was entitled to, did not vitiate the proceeding.

PETITION for a mechanic's lien. The facts are fully stated in the opinion. Heard on motion to dismiss. Motion denied.

(1)    STINESS, C. J.    The first three points presented in opposition to the claim of lien are that the petition does not particularly describe the building or improvement upon which the lien is claimed ; nor set forth the particulars of the account ; nor allege that notice was given to the owners, within thirty days after commencing the work, that the petitioner had commenced and should claim a lien therefor.

Even if this was so, a fault in the petition to the court is amendable.    *Spencer* v. *Doherty,* 17 R. I. 89.

(2)    As to the first point, however, we think that the averments of the petition are sufficient.    It describes the building by reference to the contract made by the owners with Charles Warner, to whom the petitioner furnished the materials.    It is the building in process of erection by the contractor.

(3)    The second and third points stand together.    Gen. Laws, cap. 206, § 5, as it stood before 1888 (Pub. Stat. cap. 177), gave a lien for work done and materials furnished, and in *Hatch* v. *Faucher,* 15 R. I. 459, it was held that this lien "is given only to a person who has contracted with, or been requested by, such owner to erect the building."    Section 6 gave a lien for work done by a sub-contractor, who should give notice, within thirty days after commencing work, that he had commenced work and that he would claim a lien therefor.

Thus far the statute, as construed, was plain.    Section 5 applied to an original contractor with the owner, and section 6 to a sub-contractor.

Then Pub. Laws, cap. 696 (1888), amended section 5 by adding provisions applying to a lien for materials furnished,

"whether the owner purchased the materials or not," upon giving him the required notice. Thus two classes of liens were introduced into the section, one for work and materials furnished under contract with the owner, and the other for materials furnished either to the owner or to a contractor, and the statute was so construed in *Gurney* v. *Walsham*, 16 R. I. 698, provided it appeared that the materials in the latter case were used and furnished to be used in the construction, etc. Such has been the subsequent view of the statute. *Newell* v. *Campbell*, 17 R. I. 74, and several later cases.

Hence in this case the petitioner is not entitled to a lien for labor, because the petition does not allege that he gave the notice required to be given by a sub-contractor within thirty days from the commencement of his work; but, as it does allege that he gave the notice required by section 5 within sixty days, it shows a case for materials furnished. The account filed with the petition, therefore, is faulty because it states only the contract price for plumbing furnished to the contractor, including both work and materials, in a lump sum, without specifying the amount due for materials, for which only, as the petition stands, he can claim a lien. It is said that the original notices are objectionable for this reason. While they may not be exact, it does not follow that the proceeding must be dismissed. As stated in *Goff* v. *Hosmer*, 20 R. I. 91, the full account is not required to be stated in the notice of intention. "The commencement of process" consists in filing "the account or demand." In this case there was no account of items, but there was notice of a "demand" claiming a certain amount to be due for furnishing "materials and labor for plumbing and gas-fitting."

Evidently "the account or demand" required by section 7 is not so full an account in details as that required by section 9, because the latter says "setting forth the *particulars* of his account or demand."

(4)   The notice is to inform both the owner and the public of the nature and extent of the account or demand for which the lien is sought, and it must be exact enough for that, but in the petition the particulars must be stated, as in actions on

book-account. In this case the petitioners stated in the notice a claim for materials and for labor, for plumbing and gas-fitting. Although they have no claim for labor, we do not think that making a claim for more than one can show that he is entitled to, so vitiates the proceeding as to render it void. It appeared in testimony that part of the materials were furnished more than sixty days before the notice of an intention to claim a lien. As to these items the petitioner is clearly barred by the statute.

The other objections are covered by what we have already stated, and by *Goff* v. *Hosmer*, 20 R. I. 91.

Motion to dismiss is denied.

*H. C. Curtis*, for petitioner.

*H. A. McKenney*, for respondents.