### Maurice J. Murphy *vs.* Vincenzo Guisti *et al.*

#### PROVIDENCE—JULY 25, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)　*Mechanics' Liens.　"Account or Demand."*

Gen. Laws cap. 206, § 7, using the words "account or demand," by the latter term covers cases where a particular account can not be given.

Where materials are furnished under a general contract, they are the subject of a "demand" rather than of a separate book account, and are to be proved according to their value.

Where materials are furnished under a general contract, a petition for a lien will not be dismissed because claim is made for the full contract price, but petition may be amended for amount of materials furnished.

PETITION for mechanics' lien. See previous opinion, in 22 R. I. 588.

PER CURIAM. The court has already decided in this case that the petition is amendable, and that the petitioner might have a lien for materials furnished, but not for labor. *Murphy v. Guisti,* 22 R. I. 588.

(1)　The opinion was not, as claimed by the respondent, in conflict with *Goff* v. *Hosmer,* 20 R. I. 91, which held that the statute required an account to be filed in cases where the claim was based upon an account. But this last case also held that as the statute used the words "account or demand," the latter

term covered cases where a particular account could not be given. The court considered this case of that character, because the petitioner was entitled to a lien for materials furnished, which, being under a general contract, were not the subject of an account, i. e., a separate book account, but they would have to be proved according to their value, and the claim as made for the full contract price could not injure an owner or purchaser, if the lien could attach only for a smaller sum.

The petitioner, therefore, has leave to amend his petition for the amount of materials furnished.

*Harry C. Curtis and Walter J. Ladd,* for petitioner.
*Harrison A. McKenney,* for respondent.