Lachlan McPherson *et al. vs.* John Greenwell.

PROVIDENCE—JUNE 2, 1905.

Present: Douglas, C. J., Blodgett and Dubois, JJ.

(1) *Mechanic's Lien. Account or Demand.*

In a petition for mechanic's lien, the paper filed by petitioners as a commencement of legal process was as follows: "A. to B., debtor. November 30, 1904. To amount due under written contract for the erection of a house on the corner of Berkshire and Salina Streets in the City of Providence, $1,550; for extra work done on said house, $200, total $1,750."

*Held,* that the first item was a sufficient compliance with the requirements of the statute, as the sums due the petitioners were fixed by contract, and not dependent upon an account.

*Held,* further, that the item for extra work was not sufficient. The sum stated was not agreed upon or fixed, but was the result of computation, the elements of which should have been the subject of an account.

(2) *Mechanic's Lien. Petition.*

A petition for mechanic's lien filed under the provisions of section 9, chapter 206, of the General Laws, which contains a copy of the contract between the parties, but which fails to state how far the work has progressed, what installments are due and what payments hav ebeen received, is faulty, but is subject to amendment.

Petition for Mechanic's Lien. Heard on motion to dismiss, and motion denied.

(1)　　Douglas, C. J.　The petitioners claim a mechanic's lien on a house which they contracted to build for the defendants.

The paper filed by them in this case as the commencement of legal process is as follows:

"Account.

"John and Emily C. Greenwell,

　　　　　"To Lachlan, Ewen and Fred McPherson, doing business in the City of Providence as McPherson & Co., Dr.　1904.　Nov. 30.　To amount due under written contract for the erection of a house on the corner of Berkshire and Salina Streets in the City of Providence........... $1,550 00

For extra work done on said house............. 　200 00

　　　　Total............................... $1,750 00"

A majority of the court think that the first item of this paper reasonably fulfills the requirements of chapter 206 of the General Laws, as interpreted in *Goff* v. *Hosmer*, 20 R. I. 91, 94, and in *Murphy* v. *Guisti*, 22 R. I. 588 and 26 R. I. 306.　The contractors had performed part of the work, which was to be paid for in installments at different stages of the work.　These sums were fixed by the contract, not dependent upon an account. They had received a portion of the amount agreed to be paid, and their demand is for the balance.

We think that in the case of a contractor whose compensation is fixed by agreement, and where the amounts paid are as well known to the owner as to himself, the statute should be construed with some liberality.　The distinction between the requirements of section 7 and of section 9, pointed out in the case of *Murphy* v. *Guisti*, *supra*, in the 22nd R. I., should not be ignored. The item for extra work done on said house, $200, is not, in our opinion, sufficient.　The sum stated was not agreed upon or fixed, but must have been the result of computation.　The elements of this computation were the subject of an account which should have been given.　The number of days' work and when performed, and the price or prices charged, at least, should appear.

(2)　　The petition does not set forth the particulars of the com-

plainants' demand as required by section 9, except inferentially. A copy of the contract is annexed to it, but it does not state how far the work had progressed and what installments were claimed to be due, nor what payments had been received. These items, however, may be supplied by amendment. *Murphy* v. *Guisti*, 22 R. I. 588.

The petition when amended may be prosecuted for the amount due on the contract.

Motion to dismiss denied.

Blodgett, J. (Dissenting in part.) I concur in so much of the foregoing opinion as holds that the item charged for extra work, amounting to $200, is not stated with sufficient definiteness in the account filed in the office of the recorder of deeds. But I am unable to concur as to the sufficiency of the statement expressed as "amount due under written contract' for the erection of a house on the corner of Berkshire and Salina streets in the city of Providence, $1,550." It appeared by the evidence at the hearing that the contract in question called for payments amounting in all to $3,735, as follows: "When cellar is complete, $250.00; when house is rough-boarded, $900.00; when clapboarded, $900.00; when plastered, $800.00; when complete, $885.00." No two or more of these payments aggregate $1,550, and it is accordingly manifest that there has been a departure from the provisions contained in the contract as to the time or the amount of payments made or both. Whether the amount claimed is composed of a portion of the first and second installments and a part of the third, or of a part of the second and third, or of a part of·the third and fourth, or of a part of the fourth and fifth, is entirely uncertain, as it is also entirely uncertain whether all or a part only of the work and materials contracted for had been furnished. It is entirely certain, however, that it does not comprise the whole of any given number of installments, but constitutes an alleged balance due without in any wise showing how such balance is obtained. It appeared at the hearing, indeed, that the work had been partially done and that the sum of $500 had been paid. This is a sum sufficient to pay all of the first installment .

and $250 on the second installment. But no such state of affairs could be established and determined by the paper filed. I am consequently of the opinion that, because of the defectiveness of this statement, the petition should be denied and dismissed.

*Edward De V. O'Connor and James M. Gillrain*, for petitioner.

*Comstock & Canning, and P. P. Curran*, for respondent.