316 A.2d 341.

ROBERT P. KELLEY *d/b/a* KELLEY PLUMBING & HEATING *vs.* JOSEPH P. DUNNE *et al.*

MARCH 11, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The petitioner, a plumbing and heating contractor, supplied labor and materials for a residence being constructed for the respondents by a general contractor under a written contract. During construction the general contractor abandoned the contract, allegedly owing the petitioner $1,532 for work done and materials furnished. In order to secure the payment of that obligation the petitioner initiated proceedings under the Mechanics' Lien Law, G. L. 1956 (1969 Reenactment) ch. 28 of title 34, and, after taking the prerequisite preliminary steps, filed this petition in which he seeks to enforce a lien against the respondents' land and improvements for the amount allegedly owed. The case was tried to a trial justice sitting without a jury, and is now here on the respondents' appeal from a judgment for the petitioner.

The petition recites the preliminary steps taken to

perfect the lien, describes the land and the improvements upon which it is claimed, and sets out the nature of and the basis for the claim in a statement consisting of five handwritten pages attached to the petition as an exhibit. That statement describes the work done, itemizes the materials furnished, tells when the labor was performed and when the materials were supplied, and then sets out the charges therefor in the following manner:

"Total Cost of Material    $ 988.00
Total Cost of Labor    $ 544.00

96 hrs. at $4.00 per hr.
32 hrs. at $5.00 per hr.
Total    $1532.00."

The respondents do not question the trial justice's finding that petitioner is owed $988 for materials and $544 for labor, and they concede that petitioner fully complied with all pertinent provisions of the Mechanics' Lien Law excepting only that portion of §34-28-13 which provides that a petition to enforce a lien must "* * * set forth the particulars of the account or demand for which the petitioner claims a lien including the date or dates upon which work was done or materials furnished * * *."

As a basis for their contention that petitioner has not sufficiently particularized, respondents argue that an account must set forth the particulars with the specificity demanded of an action on a book account at common law,[1] and that this petition does not meet that requirement. The deficiency, they assert, is twofold: first, the petition inaccurately lists the dates upon which the work was done and the materials were furnished, and second, it lumps rather than itemizes the charges for the work and materials.

[1] The respondents rely on *McPherson* v. *Greenwell,* 27 R. I. 178, 61 A. 175 (1905); *Murphy* v. *Guisti,* 22 R. I. 588, 48 A. 944 (1901); and *Goff* v. *Hosmer,* 20 R. I. 91, 37 A. 533 (1897).

It is undoubtedly true — as respondents contend and as the cases they cite hold — that a lienor's recital in his account should at least include the work done and when performed, the materials used and when supplied, and a full statement of the account. But, as these cases also make clear, such a computation is not jurisdictional, and a lienor's failure to set forth the particulars of his claim with the requisite degree of specificity will not, at least in the first instance, either be fatal to his claim or require a dismissal of his petition.

Instead, a lienor's failure to particularize should suggest to an owner in doubt as to the nature or kind of work done, the materials furnished, the time of performance, the prices charged, or any other details necessary to assist him in deciding whether to pay or resist payment, that he ask for further particulars. Those particulars must then be supplied by the lienor who, under our law, may amend his account or demand, so long as it clarifies, but does not enlarge, his claim. *Graybar Elec. Co.* v. *Providence Journal Co.,* 92 R. I. 120, 125-26, 166 A.2d 885, 887-88 (1961); *Art Metal Constr. Co.* v. *Knight,* 56 R. I. 228, 248, 185 A. 136, 145 (1936); *Cook, Borden & Co.* v. *R. Z. L. Realty Corp.,* 50 R. I. 375, 377-78, 147 A. 891, 893 (1929); *Murphy* v. *Guisti,* 26 R. I. 306, 58 A. 952 (1904); *Murphy* v. *Guisti,* 22 R. I. 588, 48 A. 944 (1901); *Spencer* v. *Doherty,* 17 R. I. 89, 20 A. 232 (1890).

This procedure is consistent with the philosophy underlying the Mechanics' Lien Law. Even though that law is in derogation of the common law and therefore calls for strict compliance with its requirements, *Art Metal Constr. Co.* v. *Knight, supra* at 246, 185 A. at 144, it nonetheless should be construed to carry out its purpose of "* * * afford[ing] a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches." *Field & Slocomb* v. *Con-*

*solidated Mineral Water Co.*, 25 R. I. 319, 320, 55 A. 757, 758 (1903). It "* * * was designed to prevent unjust enrichment of one person at the expense of another." *Art Metal Constr. Co.* v. *Knight, supra* at 246, 185 A. at 145.

When we apply these principles to the facts in this case we find that respondents may be correct in their assertion that the account attached to the petition is deficient because it contains some inaccuracies as to dates and it lumps petitioner's labor and material charges. But if respondents were in any way misled by these deficiencies — as they would now have us believe — they did not seek clarification by requesting further particulars. Instead, they proceeded to trial on the merits, and later, when all the evidence was in, argued before the trial justice that the lack of particularity was fatal and that the petition should have been dismissed.

However, respondents delayed too long in asserting that position because, as we have already indicated, failure to particularize in a petition to enforce a lien is not a jurisdictional defect. *Art Metal Constr. Co.* v. *Knight; Cook, Borden & Co.* v. *R. Z. L. Realty Corp.; Murphy* v. *Guisti* (both cases); and *Spencer* v. *Doherty,* all *supra; see Knight* v. *Ferrante,* 202 Va. 243, 246-48, 117 S.E.2d 283, 286-87 (1960). By answering the case and proceeding to trial on the merits without having first requested further particulars, respondents must be deemed to have waived any objection they had to the account on the technical ground of lack of particularity. *Norcott* v. *First Baptist Church,* 8 Hun 639 (N.Y. Sup. Ct. 1876); *Johnson* v. *Kusminsky,* 287 Pa. 425, 135 A. 220 (1926).

Moreover, even if a lack of particularity were jurisdictional, whatever deficiencies might then be found in the account would have been remedied by evidence introduced at the trial, which, by way of illustration, included: (1) petitioner's payroll records containing a detailed ac-

count of the working hours on each day work was done and the charges therefor; (2) a revised account admittedly correcting the inaccuracies about which respondents complained; and (3) purchase invoices to petitioner disclosing the cost of many of the material items supplied to the job.

The trial justice found — and respondents do not challenge that finding — that these exhibits together with other evidence, admitted in the case without objection, fully established petitioner's claim. Thereafter, even in the absence of any formal amendment, the case proceeded as though the petition and the account annexed had been amended to conform to what appeared in these exhibits and this evidence. *Lamont* v. *Central Real Estate Co.*, 110 R. I. 438, 440, 294 A.2d 195, 197 (1972); *Halpert* v. *Rosenthal*, 107 R. I. 406, 417, 267 A.2d 730, 736 (1970); *Webbier* v. *Thoroughbred Racing Protective Bureau, Inc.*, 105 R. I. 605, 619-20, 254 A.2d 285, 293 (1969); *Cofone* v. *Narragansett Racing Ass'n*, 103 R. I. 345, 349-50, 237 A.2d 717, 720 (1968); *Super. R. Civ. P.* 15(b).[2]

Hence, we read the account not as originally filed, but as amended, and when so read it discloses no deficiencies in the listing of the dates on which the work was performed and materials furnished or in the itemization of the charges therefor.

The respondents' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Dolbashian, Chappell & Chace, N. Jameson Chace,* for petitioner.

*Moore, Virgadamo, Boyle & Lynch, Jeremiah C. Lynch, Jr.,* for respondents.

[2]While the Superior Court Rules of Civil Procedure controlled once the trial commenced, *Super. R. Civ. P.* 81(a)(1) provides that they are inapplicable at the pleading and process stage.