**PEZZUCO CONSTRUCTION, INC.**

v.

**MELROSE ASSOCIATES, L.P.**

**No. 99–346–Appeal.**

Supreme Court of Rhode Island.

Jan. 12, 2001.

Joseph J. Reale, Jr., Providence, for Plaintiff.

Richard E. Condit, Washington, DC, Gary N. Stewart, Newport, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on December 4, 2000, pursuant to an order that directed the parties to show cause why this appeal

should not be summarily decided. The defendant, Melrose Associates, L.P., has appealed from a Superior Court judgment in favor of the plaintiff, Pezzuco Construction, Inc., which brought suit to enforce its mechanic's liens on the defendant's property. After hearing the arguments presented to the Court and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and therefore the case will be decided at this time.

On December 15, 1996, plaintiff entered into a subcontract with Providence Construction, Inc. (Providence Construction), by which plaintiff would perform exterior rehabilitation work on ten properties on Adelaide Avenue in Providence. The original amount of this subcontract was $605,418. The plaintiff commenced work in January 1997, and the work proceeded through March 1997, during which time Providence Construction paid plaintiff the amounts indicated on monthly invoices. Over the course of the construction, seven change orders were made to the subcontract between plaintiff and Providence Construction, resulting in an adjusted contract price of $980,940, according to plaintiff.

In April 1997, plaintiff continued to perform work on the property and submitted an invoice for that month's work. Payment was not made, and plaintiff ceased working on the project on May 9, 1997, and thereafter terminated the contract. At the end of May, plaintiff sent new invoices to Providence Construction for the months of April and May, but again was not paid. The plaintiff did receive from Providence Construction payments of $24,000 in June and $26,000 in September 1997, but received no payments thereafter. The balance owed to plaintiff was in excess of $100,000, although the precise amount was one of the issues that the parties disputed.

On August 7, 1997, in an attempt to obtain the balance owed under the subcontract, plaintiff recorded notices of intention to file mechanic's liens with the recorder of deeds for the City of Providence with respect to each of the ten subject properties and mailed these to defendant with a cover letter dated August 19, 1997. There is no evidence in the record that the notices were mailed by means other than regular mail. On December 5, 1997, exactly 120 days after the recording of the notices of intention, plaintiff filed a motion in the Superior Court to enforce the mechanic's liens and mailed ten notices of *lis pendens* to the office of the recorder of deeds. The notices were recorded in the land evidence records on December 8, 1997.

After a nonjury trial, the trial justice denied defendant's motion for entry of judgment as a matter of law, entered judgment in favor of plaintiff, and enforced the liens in the amount of $169,919, plus costs and attorneys' fees. The defendant appealed.

On appeal, defendant raised the following issues. First, plaintiff's mechanic's liens were "void and wholly lost" because G.L.1956 § 34–28–10 requires that notices of *lis pendens* be filed in the record of land evidence within 120 days from the date of the filing of the notices of intention. In this case the notices were mailed to the recorder of deeds on the 120th day from the date of the recording of the notices of intention, but were not recorded until the 123rd day. Second, plaintiff did not send the notices of intention to file its mechanic's liens to defendant by prepaid registered or certified mail, return receipt requested, as required by § 34–28–4. Third, one of the lots upon which a lien was to be placed was misdescribed in the notice of *lis pendens*. The defendant also argued that the parties had stipulated on the record that the amount owed was $149,919, not $169,919 and that therefore, if we consider the mechanic's liens to be valid, the amount of the judgment should be changed.

The plaintiff, on the other hand, argued that the mailing of the notices on the 120th

day and the recording of the notices on the 123rd day, and other defects, were not sufficiently substantial or prejudicial to nullify the mechanic's liens in light of the purposes of the statute that plaintiff claimed should "afford a liberal remedy to all who have contributed labor and materials toward the value of property." In entering judgment for plaintiff, the trial justice stated that "[s]ince there is no discernible prejudice or arguable harm to the defendants in this case under the circumstances of the instant case and to avoid unjust enrichment * * * the Court finds that the mailing of lis pendens on the last day of the 120 day period satisfies at least the spirit, if not the requirements, of Section 34–28–10."

This Court's standard of review of a trial justice's decision on a motion for judgment as a matter of law is well established. "Without weighing the evidence or evaluating the credibility of witnesses, the trial justice must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. * * * 'If, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for [judgment as a matter of law] must be denied, and the issues must be submitted to the jury for determination.' * * * This Court applies the same standards as the trial court when reviewing the decision of a trial justice on a motion for [judgment as a matter of law]," *Gallucci v. Humbyrd*, 709 A.2d 1059, 1062 (R.I.1998), and we engage in a *de novo* review of a party's claim that a trial justice misinterpreted the applicable statutes. *Levine v. Bess Eaton Donut Flour Co.*, 705 A.2d 980, 982 (R.I.1998)(per curiam).

■■■ The mechanics' liens statute "attempts to deal with the familiar dilemma of placing the burden of expense upon one of two individuals who are generally blameless." *Faraone v. Faraone*, 413 A.2d 90, 92 (R.I.1980). Accordingly, those seeking to attach a lien must comply strictly

with the mandatory directives of the statute. Section 34–28–10 states that any party seeking a lien under §§ 34–28–1, 34–28–2, 34–28–3, or 34–28–7 "shall * * * file in the record of land evidence" notices of *lis pendens* within 120 days of the filing of the notice of intention to claim a lien, and that if the party fails to do so, the lien "shall be void and wholly lost." This statutory requirement is expressed in clear, unequivocal, and mandatory language. Whether or not a party is prejudiced by a late filing is irrelevant under the statute.

■■■ Here, the notices of *lis pendens* were required to be filed in the land evidence records on December 5 at the latest. This requirement was not met because the notices were not filed until December 8. Moreover, § 34–28–4(a) provides in pertinent part:

"any and all liens claimed or that could be claimed under §§ 34–28–1, 34–28–2 or 34–28–3 *shall be void and wholly lost* to any person claiming under those sections *unless the person shall * * * mail by prepaid registered or certified mail, in either case return receipt requested,* a notice of intention * * * to the owner of record of the land at the time of the mailing * * *.*" (Emphases added).

Again, these requirements are also expressed in clear, unequivocal, and mandatory language and therefore must be complied with strictly. It was plaintiff's burden at trial to establish that the notice of intention was sent by certified mail, yet the record is devoid of any evidence that it did so. Accordingly, plaintiff's liens were "void and wholly lost" for failing to meet this requirement.

■■■ The defendant cited *Faraone* for the proposition that:

"Even though [the mechanics' liens statute] is in derogation of the common law and therefore calls for strict compliance with its requirements * * * it nonetheless should be construed to carry out its purpose of ' * * * afford[ing] a liberal remedy to all who have contributed la-

bor or material towards adding to the value of the property to which the lien attaches.'" *Faraone*, 413 A.2d at 91 (quoting *Kelley v. Dunne*, 112 R.I. 775, 778–79, 316 A.2d 341, 343 (1974)).

This rule of construction, however, does not aid plaintiff here because the relevant language of the mechanics' liens statute is clear and unambiguous. "'It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.'" *State v. DiCicco*, 707 A.2d 251, 253 (R.I.1998). In such a case, "'there is no room for statutory construction and we must apply the statute as written.'" *Id.*

The plaintiff cited *Faraone, Kelley,* and *Frank N. Gustafson & Sons, Inc. v. Walek*, 599 A.2d 730 (R.I.1991) to support its position that "this Court made clear that minor deviations are not fatal to the process of perfecting a Mechanic's Lien. Any deviation must be balanced against the consequences or prejudice it may have on the opposing party." These cases were decided on different grounds, however. Specifically, in *Gustafson*, 599 A.2d at 732, we held that a lien claimant "complied with the mandatory statutory provisions with respect to perfecting the mechanic's lien petition as set forth in §§ 34–28–4 and 34–28–10" and that the failure of the clerk to issue citations to defendant should not de-

feat the claim to a lien. In interpreting *Faraone*, 413 A.2d at 92, we held that when the owner's address is known and the notice of intention to claim a lien is successfully delivered, the requirement to mail notice to the building inspector is directory and not mandatory. Finally, in *Kelley*, 112 R.I. at 778–79, 316 A.2d at 342–43, we concluded that in a petition to enforce a lien, the failure to particularize is not a jurisdictional defect, and if further clarification is needed, the owner may ask for further particulars and a lienor may amend his account or demand. Unlike § 34–28–4, however, *Kelley* does not direct that the lien shall be "void and wholly lost" for failure to particularize the account.

For these reasons, the trial justice erred in entering judgment for the plaintiff. We sustain the appeal on these bases and need not address the defendant's other arguments.

In conclusion, therefore, the defendant's appeal is sustained, and we vacate the judgment of the Superior Court, to which we remand the case with our direction to enter judgment for the defendant.