F.C.C., INC.

v.

Richard A. REUTER, et al.

No. 2003–583–Appeal.

Supreme Court of Rhode Island.

Feb. 22, 2005.

Robert E. Bollengier, Warwick, for Plaintiff.

Justin T. Shay, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

FLAHERTY, Justice.

In this appeal we are called upon to determine the constitutionality of G.L. 1956 chapter 28 of title 34, the so called mechanics' lien statute. Our decision in this controversy comes on the heels of our holding in *Gem Plumbing & Heating Co. v. Rossi,* 867 A.2d 796 (R.I.2005) in which we declared the mechanics' lien statute to be constitutional, particularly as amended on July 17, 2003, (P.L. 2003, ch. 269, §§ 1, 2), and codified at § 34–28–17.1.[1] In this

---

1. General Laws 1956 § 34–28–17.1 also was amended by P.L. 2003, ch. 299, § 1. The

compiler redesignated the subsections and

case, the plaintiff contractor, F.C.C., Inc. (F.C.C.), appeals from a Superior Court decision granting summary judgment in favor of the defendant property owners, Richard and Rhonda Reuter. The plaintiff contends that the trial court incorrectly ruled that the Rhode Island Mechanics' Lien Law is unconstitutional, and erred when it granted the defendants' motion to dismiss on those grounds. Because the Legislature has amended the mechanics' lien statute through its enactment of § 34-28-17.1, it falls to this Court to review the constitutionality of the amended statute, and to apply the statute to the case at bar. Relying on our decision in *Gem Plumbing*, we sustain the plaintiff's appeal and reverse the judgment of the Superior Court. We remand the case to the Superior Court for further proceedings consistent with this opinion.[2]

### Facts and Procedural History

The facts and circumstances surrounding plaintiff's suit are not in dispute. In October 1998, the Reuters contracted with F.C.C. to construct a single-family dwelling on their property located at 2 Jones Circle in Barrington, Rhode Island. A dispute arose between the parties prior to the completion of the construction project. The defendants allege that plaintiff failed to perform the contract as agreed, and that the work actually completed was done negligently, in an unworkmanlike manner, and in violation of state and local laws and ordinances. As a result, the Reuters denied F.C.C. further access to the construction site. At the time, F.C.C. claimed that the Reuters still owed it approximately $128,000 on the contract. On May 17, 1999, plaintiff filed in the land evidence

records for the town of Barrington a "notice of intention" under the Rhode Island Mechanics' Lien Law, § 34-28-4. The plaintiff then filed a petition to enforce the mechanic's lien on August 31, 1999, and two days later recorded a notice of lis pendens.

In response, defendants moved for summary judgment on the Reuters' claims. They also counterclaimed, making a host of allegations, including breach of contract, unworkmanlike and unlawful performance, negligence, slander of title, abuse of process, fraudulent and negligent misrepresentation, deceptive trade practices, intentional interference with contractual relations, and breach of implied warranty of habitability.[3] In their motion for summary judgment, defendants alleged both that the mechanics' lien statute was unconstitutional and that plaintiff failed to comply with the mandatory directives of the statute. The defendants argued that the mechanic's lien was invalid both as a matter of law and because of plaintiff's failure to comply with the stringent statutory requirements, and as such, there being no genuine issues of material fact, they were entitled to judgment as a matter of law under Rule 56 of the Superior Court Rules of Civil Procedure.

At a hearing held on September 23, 2003, summary judgment was granted based on the decision of the motion justice in *Gem Plumbing & Heating Co. v. Rossi*, 2003 WL 21018168 (R.I.Super. April 23, 2003), which held that the mechanics' lien statute found in chapter 28 of title 34 is unconstitutional. Because he found the statute constitutionally infirm, the trial justice declined to rule on the Reuters'

subdivisions while keeping the language in its original version.

**2.** It should be noted that the instant case was heard on the same day as *Gem Plumbing*,

which addresses the same issue, although applied to a different set of facts.

**3.** The defendants' counterclaims are not at issue in this appeal.

claims that the lien was invalid due to F.C.C.'s alleged failure to adhere to the statutory process.[4] That the trial justice did not articulate his reasoning beyond a concurrence with the Superior Court decision in *Gem Plumbing* is supported both by the timing of the decisions and by the thoroughness of the earlier *Gem Plumbing* decision.

Issued just five months before the hearing in this case, the Superior Court decision in *Gem Plumbing* determined that the filing of a mechanic's lien constitutes a significant deprivation of a property interest. As the Superior Court decision states,

> "A mechanics' lien is a claim created by law for the purpose of securing payment of the price or value of work performed and materials furnished in erecting or repairing a building or other structure or in the making of other improvements on land, and as such it attaches to the land as well as the buildings erected

thereon." *Gem Plumbing*, 2003 WL 21018168 at *3.

The Rhode Island Mechanics' Lien Law establishes the requirements necessary to perfect a mechanic's lien, but, prior to the 2003 amendment of the statute, did not provide for a hearing either before or immediately after the perfection of the lien.[5] Instead, the property owner's only immediate means of removing the lien would be to provide a bond or deposit cash equal to the amount claimed by the lienholder. *See* § 34–28–17. Based on the statute as it was then written, the trial justice in *Gem Plumbing* determined that the Rhode Island mechanics' lien statute implicates a significant property interest, and that the statute failed to provide the necessary procedural due process safeguards required by the Constitutions of both the United States and the State of Rhode Island.[6]

After adopting the reasoning and ultimate decision of the Superior Court in *Gem Plumbing*, the trial justice in the matter now before us entered an order on

---

**4.** The defendants' claim, that the mechanic's lien filed in this case is invalid for F.C.C.'s failure to follow the mandatory directives of the statute is based on the premise that because the mechanics' lien statute "has been determined to be in derogation of the common law * * * it must be strictly construed." *Faraone v. Faraone*, 413 A.2d 90, 91. (R.I. 1980). "Accordingly, those seeking to attach a lien must comply strictly with the mandatory directives of the statute." *Pezzuco Construction, Inc. v. Melrose Associates, L.P.*, 764 A.2d 174, 177 (R.I.2001). . Therefore, defendants allege fatal flaws in the following areas: (1) F.C.C.'s failure to file its notice of lis pendens in a timely manner; (2) F.C.C.'s failure to mail separate notices of intention to each owner; and (3) F.C.C.'s failure to properly advertise the petition to enforce the mechanic's lien.

**5.** Effective as of July 17, 2003, G.L.1956 § 34–28–17.1 creates an opportunity for the property owner to contest the validity of the lien. Although the amendment was in effect at the time this case was decided, the trial

court made no reference to it. Section 34–28–17.1(a) provides, in pertinent part:

> "If any person in interest, including, but not limited to, an owner or contractor, claims * * * or (2) it appears from the notice of intention that the claimant has no valid lien by reason of the character of or the contract for the labor, materials or equipment and for which a lien is claimed * * * then in such event, such person may apply forthwith to the superior court for the county where the land lies for an order to show cause why the lien in question is invalid, or otherwise void, or the basis of the lien is without probability of a judgment rendered in favor of the lienor* * *."

Consistent with our case law, the trial justice should have applied the law in effect at the time he made his ruling.

**6.** For a more detailed analysis of the mechanics' lien law and the Superior Court decision in *Gem Plumbing*, see our decision in *Gem Plumbing & Heating Co. v. Rossi*, 867 A.2d 796 (R.I.2005).

October 10, 2003, granting defendants' motion for summary judgment based solely on the unconstitutionality of the mechanic's lien statute. The court did not otherwise rule on the validity of the mechanic's lien recorded by F.C.C.[7] The plaintiff appealed, arguing that notwithstanding the Superior Court decision in *Gem Plumbing,* the mechanics' lien statute is not an unconstitutional deprivation of due process rights.

## Standard of Review

■ "We review the granting of a summary judgment motion on a *de novo* basis, applying the same criteria used by the trial justice." *Illas v. Przybyla,* 850 A.2d 937, 940 (R.I.2004). " '[W]e will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.' " *Woodland Manor III Associates v. Keeney,* 713 A.2d 806, 810 (R.I.1998). "In cases that challenge the constitutionality of a statute, the party challenging its validity bears the burden of proving that the statute is unconstitutional." *Rhode Island Insurers' Insolvency Fund v. Leviton Manufacturing Co.,* 716 A.2d 730, 733 (R.I.1998). Therefore, despite plaintiff's role as the moving party in the case giving rise to the instant appeal, defendants nonetheless bear the burden of establishing that the mechanics' lien statute is unconstitutional. *Id.* at 734.

## Analysis

■ In July 2003, the Rhode Island Legislature enacted § 34–28–17.1, which provides an opportunity for an immediate hearing before the Superior Court to show cause why the lien is invalid. Although

the events giving rise to the matter before the Court took place in 1999, well before the enactment of § 34–28–17.1, the amendment became effective two months before the hearing at which summary judgment was granted. Although the trial justice made no reference to the newly amended law, its enactment is important to us. As we have just articulated in our *Gem Plumbing* opinion, when the law changes while a case is pending appeal, we will apply the law in effect at the time of the appeal, particularly when the Legislature has indicated that a statutory provision is to have retroactive effect. *See generally Solas v. Emergency Hiring Council of Rhode Island,* 774 A.2d 820, 826 (R.I.2001); *Dunbar v. Tammelleo,* 673 A.2d 1063, 1067 (R.I.1996); *O'Reilly v. Town of Glocester,* 621 A.2d 697, 704–05 (R.I.1993). We note in the instant case the retroactive aspect of § 34–28–17.1. Under P.L. 2003 ch. 269, § 2, § 34–28–17.1 took effect upon passage, and applied to all pending mechanics' liens. Thus, for the purposes of this appeal, we shall consider the constitutionality of the amended mechanics' lien statute, specifically including § 34–28–17.1.

■ Today, this Court reversed the Superior Court decision in *Gem Plumbing,* holding that the amended mechanics' lien law sufficiently provides due process protection to pass constitutional muster. Because we articulated at great length the process by which we reached this conclusion in our *Gem Plumbing* decision, we shall not repeat that reasoning here, but refer the reader to it for its applicability to the instant matter. Having already determined that the amended mechanics' lien statute is not unconstitutional, we need go no further in our analysis.

As for defendants' allegations concerning F.C.C.'s alleged failures to follow the

---

7. Final judgment was entered on March 12, 2004.

mandatory directives of the statute, we remand these issues to the trial court for further findings of fact.

## Conclusion

We hold that the Rhode Island Mechanics' Lien Law, as found at chapter 28 of title 34, as amended does not violate the Constitution. Therefore, we reverse the judgment of the Superior Court and remand for further proceedings not inconsistent with this opinion.