DECISION ON HSH NORDBANK AG'S PRIORITY ISSUES AND SUMMARY JUDGMENT MOTIONS AGAINST CLAIMANTS
On August 21, 2007, this Court entered an order (attached as Exhibit 1) requesting the Receiver's recommendations regarding the mechanics' lien claimants potential entitlement to, or preclusion of, priority position as against HSH Nordbank AG ("HSH Nordbank").
It is clearly evident to this Court from reviewing the various submissions of the Receiver in this matter that the Receiver has executed his assigned tasks in an assiduous, cogent and systematic fashion. The facts and travel of the within controversy, as meticulously set forth in the Receiver's filings of August 9, 2007, as amended August 15, 2007 and October 1, 2007, are hereby adopted and incorporated by reference.
The Receiver correctly posits that the June 11, 2007 and August 21, 2007 orders of this Court required claimants asserting priority over HSH Nordbank's mortgages to present such claims by a formal motion or "other pleading."
Because the following claimants failed to so assert priority, the Court is compelled to grant summary judgment on behalf of HSH Nordbank with respect to these "claimants" assertion of priority: Applied Water Management, Bayside Concrete, Fuss O'Neill, Garcia Drywall, *Page 2 
Horner Millwork, Interiors by Provident, RMR Associates and Sun Dog.
Another group of claimants seeks to establish and preserve its liens through what the Receiver "colloquially" characterizes as "piggybacking." The latter refers to the process of enforcing a lien "by joining in the lien enforcement proceedings filed by another claimant by entering an appearance as permitted under G.L. 1956 § 34-28-16 within 20 days of the return date in that proceeding, without filing their own independent enforcement action." (Receiver's Report 10-01-2007, pp. 6-7). Specifically, this group contends that since HSH Nordbank failed to timely file an appearance in the Hodess and S.D.I. actions, timely by claimants in those actions, i.e. those filing within 20 days enjoy priority over HSH Nordbank's mortgages.
The Receiver correctly notes that pursuant to § 34-28-10 a claimant who neglects to file its notice of "lis pendens" and "petition to enforce" within 20 days of recording its notice of intention "wholly [loses]" its claim which would be, under such circumstances, deemed void. Our Supreme Court has declared the statutory requirement of the 120 day filing period is "clear, unequivocal, and mandatory."Pezzuco Construction v. Melrose L.P., 764 A.2d 174, 177 (R.I. 2001) (cited in aforementioned Receiver's Report pp. 9-11).
The application of the latter "clear, unequivocal and mandatory" language is unavoidable and in no way affords relief by way of any fictional "piggybacking" mechanism. Thus, the Court is compelled to grant HSH Norbank's motion for summary judgment as to those lienors whose claims are "void and wholly lost" due to their failure to file, or timely file, a notice of lis pendens and a petition to enforce; viz., Applied Water Management, Bayside Concrete, Buchanan Electric, Ferguson-Daddario, Fernandes Masonry, Garcia Drywall, Stock Building Supply, and Tree Pro.
The Court is further compelled to grant summary judgment in HSH Nordbank's favor as *Page 3 
against those claimants who did not timely file an appearance in the Hodess or S.D.I. enforcement actions, in which actions HSH Nordbank filed its motion to intervene. These claimants are identified in Exhibit 2 to this decision, a chart appended to the Receiver's Report and designated therein as Exh. 5.
HSH Nordbank also contends that since the Freedom Bay Project occupies real estate in two towns, Middletown and Portsmouth, it was incumbent upon claimants to record their notices in both towns in order to preserve their actions. (Not all lienors in the present action recorded in both towns.) However, our state Supreme Court has declared that in such a scenario, i.e. where a claimant records in one town only, the claim is not entirely voided, but is sustainable as to the portion in the location where the filing took place. See Receiver's Report pp. 17-18, citing Poole v. Fellows, 54 A.2d 772 (R.I. 1903).
The aforementioned group of claimants have made recordations as follows:
 See Receiver's Report pp. 16-17. *Page 4 
Thus, the above-referenced claimants are entitled to pursue any right or remedy pursuant to notices properly filed in the venue of recordation. Contrastingly, HSH Norbank's motion for summary judgment is granted with respect to any claims for relief "concerning that portion of the Freedom Bay Project situated in the municipality in which they failed to record their notice of intention or notice of lis pendens."Receiver's Report, p 18. *Page 1 
 DECISION ON HSH NORDBANK AG NEW YORK BRANCH'S MOTION FOR SUMMARY JUDGMENT WITH REGARD TO PRIORITY OF ITS RECORDED MORTGAGE LIENS
Before this Court for decision is HSH Norbank AG New York Branch's ("HSH Nordbank") motion for summary judgment with regard to "the issue of priority of HSH Nordbank's prior recorded mortgage liens, to wit, the so called Land Loan Mortgage and Construction Loan Mortgage, respectively, over all other claims, liens, mortgages, and/or encumbrances, including without limitation any and all Mechanics' Lien Claims in connection with the above-identified proceeding."
HSH Nordbank argues that the application of the rule of priority, "first in time, first in right" results in the undisputable conclusion that it stands "first in line" with respect to all mechanics' liens (but for those attempting to argue statutory priority). Petitioner'sMemo, p. 16.
HSH Norbank's land loan mortgage, evidenced by a promissory note in the amount of twelve million dollars ($12,000,000), and utilized to pay off a prior purchase money mortgage on the property, was duly recorded in the Land Evidence Records for the Town of Portsmouth on June 3, 2004. The second mortgage, in like principal amount as the aforementioned, constituted security for sums expended in the construction and development of the subject project, and was duly recorded on December 20, 2004. Thus, the mortgage recordations clearly predated the *Page 2 
filing of any of the mechanics' liens.
The pertinent provision of the Mechanics' Lien law defines a "mortgage" as a construction mortgage "given to secure the payment of a sum certain which is to be advanced at stated times or intervals." G.L. 1956 § 34-28-34(b). [emphasis supplied]. HSH Norbank argues that because priority may only be applied to construction mortgages, "all Mechanic Lienors will forever `stand behind' [its] allowed and approved Land Loan Claim in the amount of $10,795,138.63 . . ." (Petitioner's memo, p. 15): i.e., the latter "mortgage" is not subject to subordination.
Although HSH Nordbank has styled and entitled the land loan as a mortgage, this self-designation alone does not bring it within the embrace of a "mortgage" within the meaning and intent of the Mechanics' Lien law. The Court is of the opinion that because the sums comprising the land loan mortgage were utilized for the purchase of the property, and not for construction upon same, the mortgage does not constitute a mortgage entitled to priority under the mechanics' lien law's clear definition.
This conclusion does not preclude Petitioner from seeking relief under the statutory section affording protection to anyone "with a claim . . . lien . . . or like encumbrance to or in the property." § 34-28-16. However, lack of adherence to the strict time requirements imposed by this section result in subordination to those claimants making a timely appearance. The statute mandates that claimants file an entry of appearance within 20 days (unless additional allowance is accorded by the Court per Rule 60(b) of the Superior Court Rules of Civil Procedure) in order to preserve their rights. Here, HSH Norbank's first response to the citation was filed 33 days after the return date and in the form of a "Motion to Intervene." Although the motion to intervene can be regarded as tantamount to an entry of appearance, its lack of specificity *Page 3 
precludes it from constituting a claim according to the requirements of § 34-28-16(a)(2) relating to "particulars" and "prayers for relief."
Finally, HSH Norbank neither sought nor was granted the time relief afforded to claimants in § 34-28-16(a) (referencing Super. R. Civ. Proc. 60(b)) which would allow the Court to extend the 20 day deadline for "mistake, inadvertence, surprise, or excusable neglect." Super. R. Civ. Proc. 60(b)(1).
Because the standing of each HSH Nordbank mortgage is controlled by the provisions of § 34-28-16 and HSH Nordbank failed to file a timely claim, its position is subordinate to those of the lien claimants who comported with the mandatory provisions of the statute.
Therefore, HSH Norbank's motion for summary judgment with regard to priority of its recorded mortgage lien is denied and all objections thereto are hereby sustained.