DECISION
Before the Court are various motions of Gem Plumbing Heating Co., Inc. ("Gem Plumbing") and Gem Mechanical Services, Inc. ("Gem Mechanical") in these consolidated Mechanics' Lien cases. These motions include Gem Plumbing's Motion for Summary Judgment (essentially establishing the value of its mechanic's lien), its Motion to Substitute Gem Mechanical in its place, and the motion of Gem Plumbing to strike the Motion For Summary Judgment of Manufacturers Traders Trust Company ("MT").
These cases arise out of the alleged failure of the owners and developers of the Royal Mills complex to pay their mortgages and contractors.
 Facts and Travel.
Gem Plumbing Heating Co., Inc. and Gem Mechanical Services, Inc. are two separate legal entities. They are each incorporated by the Secretary of State's office. One or both of the *Page 4 
Gem entities performed work on the Royal Mills complex in West Warwick.[1] Gem Mechanical is the named party in contracts with Stuever Bros., Eccles and Rouse, Inc. .[2]
On October 30, 2008, Gem Plumbing filed a Mechanic's Lien Notice in the West Warwick Registry of Deeds. On November l3, 2008, Gem Plumbing filed a Miscellaneous Petition to perfect its mechanic's lien on the real estate.
After the litigation commenced and citations were issued, advertised and returned, the two Gem entities moved for substitution of plaintiff by substituting Gem Mechanical for Gem Plumbing.
 Analysis
When considering Mechanics' Lien issues, this Court is guided by the purpose underlying the law, which is clearly set forth in G.L. 1956 § 34-28-32.2:
 This chapter is intended to afford a liberal remedy to all who have contributed labor, material, or equipment towards adding to the value of property to which the lien attaches and should be construed accordingly. Section 34-28-32.2.
It is also well-settled that "[t]he [Mechanics' Lien] statute is in derogation of the common law, and, as such, strict compliance is required." Gem Plumbing Heating Co., Inc. v. Rossi,867 A.2d 796, 803 (R.I. 2005) (quoting Art Metal ConstructionCo. v. Knight, 56 R.I. 228, 246, 185 A. 136, 144 (1936));see also Frank N. Gustafson Sons, Inc. v. Walek,599 A.2d 730, 732 (R.I. 1991) ("Inherent in the application of the mechanic's lien statute is the potential for harsh results. Given the need for temperance in its enforcement and because the statute is in derogation of common law, it must be strictly construed"). Therefore, in determining the issues before it, this *Page 5 
Court must find a "balance between the strict construction of the statute on the one hand and the carrying out of the basic legislative purpose on the other hand." Faraone v. Faraone,413 A.2d 90, 92 (R.I. 1980).
I. The Motion to Substitute
Because the crux of Gem Plumbing's argument is that Gem Plumbing may be substituted by Gem Mechanical under Super. R. Civ. P. Rule 17(a), it is important to first determine whether Rule 17(a) applies to the particular Mechanics' Lien issue before the Court. The Rhode Island Mechanics' Lien Law specifies that:
 [o]nce the complaint, described in § 34-28-13, and containing all claims pursuant to § 34-28-16 has been filed with the court, the proceedings shall continue pursuant to the rules of civil procedure, in a nonjury proceeding. G.L. 1956 § 34-28-16.2 ("Proceedings in superior court").
Still, the rules of civil procedure "do not apply during the process and pleading stages . . . [of] Petitions for enforcement of mechanics' liens." (Super. R. Civ. P. Rule 81(a)(1).) Section 34-28-4, which requires claimants to record a notice of intention, deals with the mechanics' lien "process." It delineates when the notice must be filed and what must be included in the notice.
Moreover, Rule 17(a) provides, in pertinent part, that:
 [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. . . .
Significantly, MT is not moving for summary judgment on the ground that Gem Plumbing is not the real party in interest. Rather, MT is moving for summary judgment on the ground that Gem Mechanical failed to file a notice of intention and comply with the procedural requirements *Page 6 
of the mechanics' lien law. Therefore, Gem Plumbing's and Gem Mechanical's reliance on Rule 17(a) is unfounded.
Section 34-28-4 (a) sets forth the consequences of not complying with § 34-28-4:
 (a) [A]ny and all liens claimed . . . shall be void and wholly lost to any person claiming under those sections unless the person shall, before or within two hundred (200) days after the doing of such work or the furnishing of such materials, mail . . . a notice of intention, hereinafter described, to do work or furnish material, or both, together with a statement that the person so mailing may within two hundred (200) days after the doing of the work or the furnishing of the materials, file a copy of such notice of intention in the records of land evidence . . .
 (b) . . . [t]he notice of intention shall be executed under oath and shall contain . . . [a] statement that the person mailing the notice has not been paid for the work done or materials furnished or both." (emphasis added)[3]
As a mechanics' lien is a statutory cause of action in derogation of the common law, it must be strictly construed. The company that mailed the notice to SBER has not been shown to be the company that did the work. See id. Had Gem Mechanical property perfected its lien and met the procedural requirements laid down by our General Assembly, Gem Mechanical would have been afforded the liberal remedy created by it to collect on the property in anin rem proceeding. However, because Gem Mechanical failed to comply with the procedural requirements of § 34-28-4, it did not perfect its lien and cannot now recover under our mechanics' lien law. Rather, Gem Mechanical is now left to pursue its remedies, if any, outside of the mechanics' lien penumbra.
The motion to substitute is denied. Gem Plumbing remains the plaintiff-petitioner. *Page 7 
II. The Motions for Summary Judgment
Gem Plumbing filed a motion for summary judgment to collect $165,015.32 on its mechanic's lien action for money owed on work done and any retainage being held. Gem Plumbing is also seeking interest, costs, and reasonable attorney fees under G.L. 1956 § 34-28-19. MT filed a cross motion for summary judgment, arguing that the lien had not been perfected by the party claiming the contract, hence judgment should enter against Gen Plumbing.
As indicated, the contracts were entered into by Gem Mechanical, not Gem Plumbing (Ex. B through G of Leonard Gemma Affidavit). However, the affidavit of Leonard Gemma indicates that Gem Plumbing "was the plumbing and mechanical subcontractor on the Royal Mills. . . ." Although the subcontractor carried the relationship on its records as amounts due Gem Mechanical, (Ex. A. of Leonard Gemma affidavit), it is not clear which entity did the work.
If Gem Plumbing actually did the work, with the consent or at the request of SBER, it may still have a lien on the property. G.L. 1956 §§ 34-18-1 through 3 appear to focus on who performed the labor, not just who had a contract. Unfortunately, this specific issue was not briefed by the parties, hence this Court is reluctant to address it now. Moreover, Gem Plumbing gave notice that it had done the work or was doing work as early as October 30, 2008. (Ex. H to Mem. in Support of Plaintiff's [Gem's] Motion for Summary Judgment).
Accordingly, the Court is not convinced that there is an absence of issues of material facts which justify the entry of judgment for either party.
 Conclusion
Accordingly, Gem Plumbing's Motion to Substitute is denied. Gem Plumbing's Motion for Summary Judgment is denied without prejudice. MT's Motion for Summary Judgment is *Page 8 
denied without prejudice. Gem Plumbing's Motion to strike MT's Motion for Summary Judgment is moot and therefore denied.
[1] Gem Plumbing and Gem Mechanical allege that Gem Mechanical is a wholly owned subsidiary of Gem Plumbing, and that their tax returns are consolidated.
[2] While the subcontractors' list Stuever Bros., Eccles and Rouse, Inc. as the owners, these properties may be owned by various SBER Limited Liability companies.
[3] Gem Plumbing argues that the purpose of the notice of intention is only "to give notice to the parties of the nature and extent of the account or demand for which the lien is sought."Tilcon Gammino, Inc. v. Commercial Associates,570 A.2d 1102, 1106 (R.I. l990) (quoting Murphy v. Guisti,22 R.I. 588, 590, 48 A. 944, 944 (1901)) (internal quotations omitted). However, the particular issue before our Supreme Court was whether a lien petition — which was made by the person who had not been paid for work, § 34-28-4(b) — was sufficiently particularized. *Page 1